L. D. GULLEY v. W. J. Y. THURSTON.

*Judgment Lien—Mortgage—Homestead.*

The lien of a judgment duly docketed in the county where the land lies is superior to that of a subsequently registered mortgage on land outside of the debtor's allotted homestead, and therefore the proceeds of the sale of such land should be applied first to the payment of the judgment debt.

This was a PROCEEDING tried upon exceptions to a homestead return, made upon executions issued upon certain judgments in favor of L. D. Gulley against W. J. Y. Thurston, heard at November Term, 1892, of JOHNSTON Superior Court, before *Bryan, J.*

When the case was called for hearing the defendant W. J. Y. Thurston did not insist upon his exception to the return that the homestead allotted to him was insufficient in value, and it was agreed that the allotment of the appraisers should stand as to the value of the real estate.

Upon its being made to appear to the Court that Ashley Horne was a mortgage creditor of W. J. Y. Thurston to the amount of about fourteen hundred dollars ($1,400), and that the mortgage included all the homestead allotted to said Thurston (except a small tract of three acres of the value of one hundred and seventy-five dollars, concerning which no question arises), and also the excess of the homestead, amounting to eighty acres; and it being requested by the defendant, without objection by the plaintiff, that questions concerning the application of the proceeds of the execution sale of the excess should be determined by the Court, so that the execution creditor or the mortgage creditor could safely bid at the execution sale, upon motion of the plaintiff and without objection, Ashley Horne was made a party defendant.

The following are the facts:

1. The plaintiff was the owner of three judgments against the defendant W. J. Y. Thurston, amounting, with interest, to about nine hundred and forty ($940) dollars, which judgments were duly docketed in Johnsion county in July, 1881, and upon the executions thereunder this proceeding issued. That upon such executions the homestead of said Thurston was allotted to him in one tract of land of three acres, valued at one hundred and seventy-five ($175) dollars, and about eighty acres parcel of another tract of about one hundred and sixty acres, which said eighty acres was valued at eight hundred and twenty-five ($825) dollars, leaving an excess above the homestead of about eighty acres.

2. That the land in which said homestead was allotted is situated in Johnston county; that after the docketing of said judgments as aforesaid the said Thurston and wife executed a mortgage deed to the defendant Ashley Horne, by which was conveyed the land embraced in the said homestead of about eighty acres and the said excess, the mortgage being executed to secure a debt therein named, now about $1,400, and which was duly registered in Johnston county in 1882, subsequently to the docketing of said judgments. That said excess is insufficient in value to pay said judgments and said mortgage debt.

Upon the foregoing facts the Court declared and adjudged that in any sale of the excess under execution issued upon said Gulley judgments the proceeds of said sale, in excess of the expenses of sale, should be applied—

1. To the payment of the mortgage debt of the defendant Horne as far as the same would go in exoneration of the homestead of the defendant Thurston, and that the remainder of such proceeds, if any, should be applied to the judgments of plaintiff Gulley.

To so much of said order as decreed that the proceeds of sale under execution should be applied, first, to the payment of the mortgage of the defendant Horne, the plaintiff Gulley excepted and appealed.

*Mr. R. O. Burton*, for plaintiff (appellant).
*Mr. F. H. Busbee*, for defendant.

BURWELL, J.: The question presented to us by this appeal is *not* what distribution of a fund arising solely from a sale of the homestead land shall be made to a "homesteader," a judgment creditor, having a lien on the land allotted—the enforcement of which is by law postponed till the termination of the homestead rights—and a mort-

gagee, whose mortgage was registered after the docketing of the judgment. That was the matter brought to the attention of this Court in the case of *Leak* v. *Gay*, 107 N. C., 468–483, and the somewhat difficult problem of adjusting the rights of the claimants to the fund then in Court was further complicated by the fact that the homestead land, sold, as it had been, so as to pass a good title thereto, had brought much more than one thousand dollars, the limit established by the Constitution, and that all parties seem to have agreed that the homesteader should have the present value of his homestead right absolutely in lieu of land or money to be *used* while his homestead rights continued, and when those rights ended to be applied to the liens thereon according to their priorities.

The question which *is* presented by this appeal is, Which has a superior lien on land of the debtor *outside of his allotted homestead*, his judgment creditor whose judgment has been duly docketed, or his mortgagee whose mortgage was executed and registered after the docketing of the judgment? A bare statement that under the law (*The Code*, §435) the docketing of a judgment creates a lien on all the land of the debtor in the county where docketed from the date of the docketing, and that a mortgage is a lien only from the registration, would seem to be a sufficient answer to this question. It cannot be that the act of a debtor and a third party can impair or destroy the rights of the judgment creditor as to the excess over the homestead.

We will not feel called upon to discuss the case of *Leak* v. *Gay*, *supra*, as it was insisted by the counsel of the parties to this appeal that we should do, until we have again before us a controversy like that, over a fund arising from a sale of an allotted homestead. It should be borne in mind, however, that expressions in the opinion filed in that case as to the right of a judgment creditor and a

junior mortgagee are to be read and considered in the light of the *facts* of the case then to be determined.

The judgment of the Court should have directed the Sheriff to sell the excess over the homestead and apply the proceeds on the execution in his hands in favor of the plaintiff.　　　　　　　　　　　　　　　　　　　　Error.