W. A. CUMMING v. R. N. BLOODWORTH and others.

*Homestead—Lien for materials furnished.*

The homestead right is not affected by a lien for materials furnished and used in improvements upon land covered by homestead, and the act of assembly (Bat Rev., ch. 65, § 1), in so far as it gives such lien is unconstitutional.

EJECTMENT tried at Spring Term, 1882, of PENDER Superior Court, before *Gilmer, J.*

The plaintiff alleges that he is the owner in fee of the land in controversy and that the defendants wrongfully withhold the possession of the same. Defendants deny the allegations of the plaintiff and the following issues were submitted to the jury:

1. Is the plaintiff the owner in fee of the land described in the complaint?

2. Do the defendants wrongfully withhold the possession of the same from the plaintiff?

The plaintiff showed title as follows: That from October

18th, 1877, to April 17th, 1878, the firm of Northrop & Cumming furnished lumber to the defendant Bloodworth of the value of $169.79 which was furnished for and used in the construction of a dwelling house on the land in dispute owned by the defendant Bloodworth, and now claimed by the plaintiff in this action; that said Northrop & Cumming were lumber merchants in the city of Wilmington, N. C., and duly filed a lien in the proper office against said land, on which the said house was erected, and in due time brought their action against Bloodworth in a justice's court for the bill of lumber, and recovered judgment therein; that the judgment was duly docketed in the superior court, and on the 10th day of November, 1880, execution issued thereon and was levied by the sheriff upon the land set forth in the complaint; that the sheriff sold the land to plaintiff W. A. Cumming and made a deed to him for the same, which said deed covered the land in dispute, and that the defendants are in possession of the same.

The defendants in support of their title showed that at the time of levy of the execution aforesaid, the defendant Bloodworth claimed the land in dispute as his own, and demanded that the sheriff lay off and allot his homestead therein according to law; that the sheriff thereupon summoned appraisers who proceeded to lay off the same in accordance with the requirements of the statute and made due return thereof, and that the homestead so laid off covered the whole of the land claimed by the plaintiff in this action, and as described and conveyed by the sheriff's deed, and that the value of the premises was set forth in the return of the appraisers as $500. The defendants further showed that at the time of said levy and sale, the defendant Bloodworth owned no real estate whatever except the land so laid off as a homestead, and on which he then and now resided, and that the sheriff disregarding the action of the appraisers subsequently sold the land to the plaintiff, under the opin-

ion that the lien of Northrop & Cumming for materials furnished prevailed against the homestead.

The defendants requested the court to charge the jury that the lien of Northrop & Cumming being for materials furnished did not prevail as against the exemption of the homestead from execution, and that the land in dispute, being covered by the homestead laid off and allotted to the defendant, Bloodworth, the sale and deed of the sheriff were nullities and conveyed no estate to plaintiff.

The court refused the instructions asked and charged the jury that said lien was good and valid as against the homestead, and that the sale and deed of the sheriff entitled the plaintiff to recover. Defendants excepted.

Verdict for plaintiff, judgment, appeal by defendants.

No counsel for plaintiff.
*Mr. E. S. Martin*, for defendants.

ASHE, J.   The question presented by the appeal is, does the lien given by the act of 1869–'70, (Bat. Rev., ch. 65) to one who furnishes materials, which are used in buildings or improvements upon land covered by the homestead of the owner, supersede the right of homestead therein ?

The right to a homestead not exceeding one thousand dollars in value, is given by the constitution to every resident of the state who owns and occupies land, and it is declared to be exempt from execution on the final process obtained on any debt, but not from sale for taxes, or for payment of obligations contracted for the purchase of said premises.   Art X, § 2.   And it is further declared, that the provisions of section one and two of this article, shall not be so construed as to prevent a laborer's lien for work done and performed for the person claiming such exemption, or a mechanic's lien for work done on the premises.   Art. X, § 4.

So it is to be seen that these four exceptions to the exemption of the homestead are allowed by the constitution, viz: the liability to sale for taxes, the payment of obligations contracted for the purchase of the premises, and the lien of laborers and mechanics; and they are the only exceptions designated in that instrument. We are therefore unable to perceive how it can be contended that the lien for materials furnished, given by an act of the legislature, can constitute a lien upon land covered by the homestead when no such lien is anywhere mentioned in the constitution.

If it had been the intention of the framers of that instrument to make the lien for materials furnished on exception to the general exemption of the homestead from execution, &c., they would have so declared in language as explicit as that used in reference to the exceptions mentioned; but as they did not do so, the conclusion is that they did not intend to allow any other exceptions than those expressly designated. *Expressio unius exclusio alterius.*

And the homestead being a right created and vested by the constitution, with the exceptions to its exemptions defined and enumerated in the same, it was not in the power of the legislature to impair or abridge its efficacy for the purposes of its creation by adding other exceptions. To hold that the legislature can exercise such a power, would be conceding to it the right to override the constitution and frustrate the intention of its framers.

We think it is too plain to admit of controversy that the act of 1869–'70, so far as it may have been intended to give a lien for materials furnished upon land set apart and allotted as a homestead, is in violation of the constitution, and we therefore hold that the charge of His Honor to the jury was erroneous, and that his judgment be reversed.

Let this be certified to the superior court of Pender county that a *venire de novo* may be awarded.

Error.      *Venire de novo.*