### T. J. BROYHILL v. W. E. GAITHER.

*Mechanic's Lien— Work and Labor Done and Material Furnished—Contract Indivisible—Homestead—Entire Tract Subject to Lien—Segregation of House—Sale in Parcels.*

1. A "laborer's lien" is solely for labor performed, while a "mechanic's lien" is broader and includes the "work done," i. e., the "building built," or superstructure put on the premises.

2. Where a contractor undertakes to put up a building and complete the same, the contract is indivisible, and his "mechanic's lien" (Section 1781 of *The Code*) embraces the entire outlay, whether in labor or material, and, under Section 4 of Art. 10 of the Constitution, is superior to the homestead exemption of the owner.

3. The "material lien" is by virtue of the statute only, and does not come under the constitutional priority given to the "mechanic's lien for work done on the premises" over the homestead exemption.

4. Where a house is built by a contractor for the owner upon an undivided tract of 80 acres in the country, the mechanic's lien attaches to the whole tract, especially where it appears that the house alone, apart from the tract of land, would be of comparatively little value.

5. The fact that a house and improvements, built by a contractor upon a tract of 80 acres belonging to the owner, are enclosed by a fence including about three acres is not a segregation or division of the house from the tract so as to confine the mechanic's lien to the enclosure.

6. In such case, though the lien is upon the whole tract, it should be divided, if practicable and desired by the defendant, in making sale, and the parts sold in such order as he may elect, so that, if possible, the lien may be discharged without exhausting the entire tract.

CIVIL ACTION, heard before *Hoke, J.*, and a jury, at Fall Term, 1896, Superior Court of WILKES County. The

action was to recover a sum due and enforce a lien claimed to be a mechanic's lien against the lands of defendant, situated in Wilkes county. The lien was admitted to be in due form and properly filed, and defendant resisted its enforcement, claiming that so much of the demand as was admitted to be due plaintiff was for material furnished, and that defendant or agent had demanded the right of homestead exemptions. Defendant further contended that if lien was valid and superior to homestead the same was confined in its operation to so much of the land as was included in fence and improvements about the house, and does not extend to entire farm.

The evidence showed that the plaintiff contracted to furnish the material for and to build a house, &c., for the defendant upon defendant's farm, being an entire tract of eighty acres, in the country, about four miles from Wilkesboro, and that the house alone would be of comparatively little value, as no one would wish the house apart from the land ; also, that the house and improvements were enclosed in a fence to include about three acres, and there was no other cleared land immediately adjoining ; but the arable, cultivated land, consisting of fourteen to eighteen acres, was on the opposite side of the farm and the remainder was woodland, and that the tract of eighty acres was all the real estate owned by the defendant, and was not worth $1,000.

The defendant offered no evidence.

The court instructed the jury that on the evidence, if believed, plaintiff was entitled to recover the entire contract price for the building, subject to credits; that plaintiff had a lien for the entire amount on the building and farm, and that under the term " mechanic's lien on the residence" was included the whole amount of plaintiff's

demand, and same was superior to defendant's right to homestead, and extended to the building and entire farm on which same was placed.

Defendant excepted.

There was a verdict and judgment for plaintiff, and defendant appealed.

*Mr. T. B. Finley*, for plaintiff.

*Messrs. W. W. Barber* and *Glenn & Manly*, for defendant (appellant).

CLARK, J.: The plaintiff having built a house for the defendant was entitled to his mechanic's lien therefor, not merely for the value of the labor expended but for the contract price of the house, (*The Code*, Sec. 1781,) which lien is superior to the homestead. Const., Art. 10, Sec. 4. When the contractor undertakes to put up a building and complete the same, the contract is indivisible and his " mechanic's lien " embraces the entire outlay, whether in labor or material, being for " work done on the premises," i. e. for betterments on it. The " laborer's lien " is solely for labor performed. The mechanic's lien is broader and includes the " work done," i. e. the " building built " or superstructure placed on the premises. *Merrigan* v. *English*, 9 Mont., 113, 124 ; *Phelps* v. *Stray*, 32 Neb., 19.

It is otherwise when there is simply material furnished which the owner places upon the building either himself or by employing others. The " material lien " is by virtue of the statute only, and does not come under the constitutional priority given to the " mechanic's lien for work done on the premises " over the homestead exemption. *Cumming* v. *Bloodworth*, 87 N. C., 83.

The house being built upon an undivided and entire tract of 80 acres in the country, the mechanic's lien was upon the whole tract, especially as it is found as a fact,

or not denied, that the " house alone would be of comparatively little value, as no one would wish the house apart from the land." It was no segregation or division of the house from the tract that " the house and improvements were enclosed in a fence including about three acres." The lien is on the whole tract, but it should be divided if practicable and desired by the defendant in making sale, and the parts sold in such order as the homesteader may elect, so that it may be the lien will be discharged without exhausting the tract, and the part preferred by the debtor not subjected to sale. Thus modified, the judgment is

Affirmed.