THE DURHAM CONSOLIDATED LAND AND IMPROVEMENT CO.
v. W. A. GUTHRIE, W. M. MORGAN, L. A. CARR
and S. T. MORGAN.

(Decided November 22, 1898).

*Estoppel.*

˙ Where the matters of difference between the parties have heretofore been
  passed upon by the Court and jury, the judgment is *res adjudicata*
  and amounts to an Estoppel.

CIVIL ACTION for specific performance of contract for
conveyance of land, also for money paid by plaintiff to
use of defendants, and for money received by defend-
ants belonging to plaintiffs—tried before *Robinson, J.,*
and a jury at March Term, 1898, of the Superior Court
of DURHAM County.

The defendants pleaded *res adjudicata* in an action
tried between the same parties at January Term, 1895,
wherein judgment was rendered against the plaintiffs,
which was affirmed on appeal by the Supreme Court at
February Term, 1895.

The following issue was submitted by his Honor to
the jury.

Is the plaintiff estopped and concluded to prosecute
this action by the pleadings, records, opinions, and judg-
ment of Supreme Court ; and judgment and decree of
this court at January Term, 1895, in the former action
between same parties?    Answer, Yes.

Upon this finding the court rendered judgment in fa-
vor of defendants; and plaintiff appealed.

The facts are stated in the opinion.

*Messrs. Manning & Foushee,* for plaintiff (appellant.)
*Messrs. Winston & Fuller, Graham & Graham* and
*Boone & Bryant,* for defendants.

FURCHES, J.: On and before the first of October, 1890, the plaintiff and the defendants were land specu lators, buying and selling land for a profit, in and near the town of Durham. As such, the defendants had purchased, but not paid for, one lot in the town of Durham from one Hicks, one tract of land lying near the town of Durham containing about 47 acres from one Ferrell, and another tract of about 26 acres from one Fowler. On the first day of October, 1890, the plaintiff and the defendants made and entered into the following contract and agreement as to the above described lands :

"Durham, N. C., Oct. 1, 1890. We will let you take the property at its actual cost to us and on the same terms we bought it, which are about as follows : Cash payment $2,500—$4,275 on one year from date of purchase—and $1600 in 18 months from date of purchase. About $3,000 of these time payments is at 6 per cent. interest, the balance at 8 per cent. You are to be at all expense of advertising and selling the property, and putting it in proper condition for sale to the best advantage, by opening streets and making whatever improvements are necessary to sell the property on one year from date, and after deducting the actual expenses only, from the proceeds of sale, the remainder of proceeds is to be equally divided between us and yourselves."

(Signed)          T. S. MORGAN
For Guthrie, Carr and Morgan."
"Accepted : R. H. WRIGHT, Sec. & Treas."

The plaintiffs soon after the date of this contract, of October 1st, 1890, entered upon and took possession of these three parcels of land, rented out the town lot, cut and hauled wood from the other tracts, and did other

work thereon, which the defendant alleges greatly damaged the market value thereof.    Not long after the date of the contract of October 1, 1890, the plaintiff corporation, by its president J. S. Carr, paid the defendants $2,500 which they say they used in part payment for lands mentioned in said contract.    The plaintiffs declined to pay anything more, although payment was demanded, and abandoned their contract.    And the defendants, sometime in February or March, 1892, took possession of said lands, the plaintiff not having sold the same, and, as defendants allege, not having tried to sell them.    And the defendants have since sold a part of said lands, and still hold a part of them, unsold.

The plaintiff having abandoned said contract, on the 25th of September, 1893, commenced an action against the defendants to recover the $2,500 and interest so paid by the plaintiff, alleging in their complaint that it was for money loaned to the defendants and paid for their benefit.    The defendants answered this complaint, admitted the receipt of the $2,500, but denied that they borrowed the same, or that it was paid by the plaintiff for them or for their benefit, set up the contract of October 1st, 1890, and alleged that the $2,500 was paid on that contract.    The defendants in their answer also claimed damages of the plaintiff for waste and damage to said lands, which they set up by way of counter-claim.

To this answer, the plaintiff replied, admitting the contract, denying the counter-claim, and alleging that said contract was void for uncertainty of description and by reason of the Statute of Frauds.

Upon these pleadings the case proceeded to trial at January term, 1895, of Durham Superior Court, when the following issues were submitted to the jury :

1. Are the defendants indebted to the plaintiff, if so, in what amount ? Answer, No.

2. What is the value of the timber and rents received by the plaintiff from the land described? Ans. $330.

From the judgment pronounced thereon, the plaintiff appealed to this court, where the judgment below was affirmed (116 N. C., 381). The opinion of this court was certified down, and final judgment entered in the Superior Court of Durham County at October term, 1895. After the judgment against the plaintiff was affirmed, the plaintiff paid the amount of the defendant's recovery upon their counter-claim, amounting at the time it was paid, principal and interest, to $341.93.

On the 21st of August, 1895, the plaintiff commenced this action, based upon the said contract of 1890, which is attached to the complaint as exhibit "A" and made a part of the complaint. In this action, the plaintiff alleges that the defendants, since they took possession of said land in 1892, have sold one tract thereof for $453.68, more than they were to pay for the whole of said lands, under exhibit "A;" and demand judgment for this amount, $453.68, and for $341.93 recovered by the defendants in the former action, on defendant's counter-claim; and that defendants be required to convey to them that part of said land, still owned, and unsold by defendants.

To this last action, the defendants answer and among other things plead the record and judgment in the former action as an estoppel of record, against the plaintiffs right to recover, if it ever had one. And upon the trial, the court submitted the case to the jury upon this plea, instructing them that if they found from the evidence that the parties to this action were the same as those in the former action, terminated in 1895,

and that they covered the same matter in dispute between the parties in this action, that the plaintiff was estopped thereby to prosecute this action, and they would answer the issue submitted to them "Yes." The jury answered the issue "Yes." Judgment for the defen'ants, and appeal by the plaintiff.

It seems to us that a statement of the facts, in this case, is an answer to plaintiff's right of action, and shows that it is not entitled to a judgment in its favor.

As the case comes to us, it is only necessary for us to consider the plea of estoppel—*res judicata.* And we must admit (and we do it with regret) that our opinions are not in harmony as to what amounts to an estoppel of record—whether the precise question must have been in issue and decided, or whether it must only appear that it might have been presented and decided. But it is not necessary that we should enter into a discussion of this much discussed question, and we do not do so, as we find that, according to all our decisions from *Falls* v. *Gambill*, 66 N. C., 455, to *Wagon Co.* v. *Byrd*, 119 N. C., 461, the plaintiff was estopped in this case.

There is no error and the judgment must be affirmed.

Affirmed.