T. J. WHITE v. M. L. TAYLOE et al.

(Filed 14 September, 1910.)

**Judgments—Estoppel—Conclusiveness—Consistent Judgments.**

Plaintiff alleged in a former action that he was the owner of certain lands as assignee by mesne conveyances of the dower of E., and an issue being submitted to the jury to establish the boundary line between plaintiff's and defendant's land, it was found that a certain line from A to B, as indicated on a plat in evidence, was the true line, which would exclude the *locus in quo* from the boundaries of plaintiff's land, and include it in those of defendant, and it was adjudged, according to the verdict, that the plaintiff owned the lands lying to the west, and the defendant those to the east of said line, from which judgment there was no appeal. In the present action between the same parties involving the title to the same land, the defendant pleads plaintiff's estoppel by the former judgment, and in response to an appropriate issue the jury found that therein the *locus in quo* had been adjudged as defendant's land. *Held:* 1. The plaintiff is bound by the former judgment and verdict; 2. The judgment defining the dower relied upon as an estoppel is not inconsistent with a judgment theretofore rendered in the same action, which merely declared that the widow was entitled to dower without locating it.

APPEAL by plaintiff from *G. W. Ward, J.,* at the April Term, 1910, of HERTFORD.

This action was brought to recover possession of a tract of land, known as the Britton Moore place, which plaintiff claims is a part of the dower of Ann E. Tayloe, widow of James E. Tayloe. In his complaint the plaintiff alleges that Ann E. Tayloe conveyed her dower to M. L. Tayloe, and the latter conveyed the tract of land which was allotted to him in the division of the lands of James E. Tayloe, together with the said dower,

to W. D. Pruden and D. B. Winbourne, as trustees, and that, in accordance with the terms of the deed to them, the trustees sold and conveyed the said land to him. He further alleges that the plaintiffs are in possession of the land, claiming the Britton Moore tract under a deed from Ada F. Parker, the daughter of James E. Tayloe, to the *feme* defendant, Carrie W. Tayloe. The defendants, in their answer, deny that the dower of Ann E. Tayloe was ever allotted to her and, therefore, that no particular tract of land was conveyed to M. L. Tayloe by the deed to Ann E. Tayloe, but only her right of dower. They aver in their answer, as a special defense to the action of the plaintiff, that on the 5th day of January, 1908, the plaintiff commenced an action in the Superior Court of Hertford County against these defendants, to recover the land conveyed to him by the said trustees, and that at Spring Term, 1908, he recovered judgment for that part of the land which was allotted to M. L. Tayloe in the division of the James Tayloe lands and for such rights as were acquired by M. L. Tayloe in said land under the deed to him by Ann E. Tayloe. It was adjudged in the former suit that the plaintiff is the owner of the dower right and interest of Ann E. Tayloe in the land of her husband, James Tayloe, which was conveyed by her to M. L. Tayloe, and that if the said dower had been allotted by metes and bounds the plaintiff is entitled to the possession thereof, but that if the said dower had not been so allotted, then the plaintiff should proceed to ascertain the same in the manner provided by law. The foregoing judgment was rendered at April Term, 1908, of the Superior Court, when Judge O. H. Allen presided. At April Term, 1909, when Judge O. H. Guion presided, an issue was submitted to the jury in the same action, for the purpose of ascertaining the dividing line between the lands claimed by the plaintiff and those claimed by the defendant, the plaintiff having alleged that he is the owner of the Britton Moore tract, as a part of the dower of Ann E. Tayloe, and the defendant denying the allegation. The issues and answers thereto were as follows: 1. Is the line (of division) the one indicated on the plat by the letters A and B. Answer, Yes. 2. If

not, is the line the one indicated on the plat by the letters C, D and E? This issue was not answered.

If the true line of division is the one indicated by the letters A and B, the Britton Moore tract would not be included within the boundaries of the lands owned by the plaintiff. If the true line is the one indicated by the letters C, D and E, then a large part of the Britton Moore tract would be so included. Upon the verdict in that case, it was adjudged that the plaintiff owned the land lying west of the line indicated by the letters A-B and the defendant, Carrie W. Tayloe, owned all of the land lying east of said line, the issue made by the pleadings being as to the ownership of the respective parties. In September, 1910, the plaintiff brought another action against the defendants, to recover damages for a trespass on the Britton Moore tract, which he claimed was a part of the dower of Ann E. Tayloe, the title to which he alleged had been acquired by him under the deed from the trustees. In that action, he prayed for a receiver, and the receiver was appointed to take charge of the lands and to collect rents and profits. The defendants moved to vacate the order appointing the receiver and to dismiss the action, which motion, upon consideration of the same, was granted by the court and a judgment in the case entered accordingly.

The defendants, in their answer to the plaintiff's complaint in this action, set up as a defense in bar thereto, the judgments in the former suits between the same parties. Issues were submitted to the jury which, with the answers thereto, are as follows: 1. Was dower allotted to Ann E. Tayloe in the lands of her husband, James Tayloe, as alleged? Answer, Yes. 2. If so, did said dower cover the lands known as the Britton Moore land? Answer, Yes. 3. Is said Britton Moore land and the land on the west side of A-B in plat referred to in the judgment which was rendered at April Term, 1909, the same land? Answer, Yes. 4. Has the Britton Moore land been heretofore adjudged to be the land of defendant Carrie Tayloe in a suit between the same parties? Answer, Yes. Upon this verdict the court adjudged that the plaintiff take nothing by his action

and that the defendants recover their costs of him. The plaintiff excepted and appealed.

*L. L. Smith* for plaintiff.
*Winborne & Winborne* for defendant.

WALKER, J., after stating the case. The plaintiff alleged, in his complaint filed in this action, that the dower of Ann E. Tayloe had been allotted many years ago and that the record of the said allotment had been lost. He sought to restore the record and to recover the Britton Moore tract of land as a part of the dower. In the action tried at April Term, 1909, of the Superior Court, when Judge Guion presided, the defendant denied that they were in possession of any land owned by the plaintiff or that the plaintiff acquired, by the deed from the trustees an interest in any such land. A survey was made to establish the dividing line between the land owned by the plaintiff and that owned by the defendant Carrie W. Tayloe. The jury, by their verdict, found that the line indicated by the letters A-B is the dividing line, and the court so adjudged. The effect of the verdict and judgment in that case is to estop the plaintiff from now asserting any title to the land lying on the east side of the line, or to any interest therein, as the court adjudged the *feme* defendant to be the owner of all the land on that side. There was no exception to the judgment or appeal therefrom. If the Britton Moore tract or any part of the dower land is, in fact, on the east side of that line, the plaintiff should have made it appear, so that the verdict would have been according to the truth of the matter. If he failed to do so by reason of any error of the court at the trial of the case, he should have excepted and appealed. If the verdict was contrary to the weight of the evidence, he should have moved to set it aside. Having failed to impeach the verdict and judgment in any proper way, the plaintiff is bound by them and will not be heard in this action to contradict anything which was decided in the former suit upon the issues joined between the parties. The jury have found in this case, it is true, that the Britton Moore tract was a part of the dower land as allotted

to the widow, but they also find that it is on the west side of the line. If "west" should be "east," as suggested on the argument, the plaintiff is still estopped by the former verdict and judgment from claiming the land, as the jury further find that the *feme* defendant had theretofore been adjudged to be the owner of the Britton Moore tract of land. The issues were raised by the pleadings and the verdict was in accordance with instructions given by the court, as to the legal effects of the records in the prior suits. We find no error in the charge of the court. We have shown that the identical question involved in this action has heretofore been decided against the plaintiff in a suit between the same parties. If we accept and consider the verdict as it appears in the record, and we must do so in the absence of any correction or amendment, it is perfectly consistent with the verdict and judgment as rendered at April Term, 1909, before Judge Guion. The reference in that judgment to the judgment rendered at April Term, 1908, when Judge Allen presided, does not change its legal effect, for the latter judgment merely declared that the plaintiff is the owner of the dower land, without locating it, while the other judgment clearly ascertains that it is no part of the land on the east side of the line, as the *feme* defendant owns all the land on that side. The plaintiff may have lost a part of his land in the litigation, though it does not so appear, but if he has, we cannot restore it to him without disregarding a well-settled rule of law which protects the *feme* defendant in the ownership of the land once adjudged to be hers. We need not enter upon any lengthy discussion of the principle underlying the doctrine of estoppel by record or *res judicata.* We simply refer to what is said by the Court in *Bunker v. Bunker,* 140 N. C., 18, when considering a question similar to the one presented by this appeal: "It being a final judgment, the plaintiffs cannot be heard upon any matter which was litigated in the action and which was necessarily determined by it. In such a case, the matter in dispute having passed *in rem judicatam,* the former decision is conclusive between the parties, if either attempts, by commencing another action or proceeding, to re-open the question. This doctrine is but an outgrowth of the familiar maxim

153—3

that a man shall not be twice vexed for the same cause, and the other wholesome rule of the law that it is the interest of the State that there be an end of litigation, and consequently a matter of public concern that solemn adjudications of the courts should not be disturbed. Broom's Legal Maxims (8 Ed.), 330, 331. 'If,' says *Lord Kenyon,* 'an action be brought and the merits of the question be discussed between the parties and a final judgment obtained by either, the parties are concluded and cannot canvass the same question in another action, although, perhaps, some objection or argument might have been urged upon the first trial, which would have led to a different judgment.' *Greathead v. Bromley,* 7 Dunf. & East. (7 T. R.), 546. And again in another case, he says: 'After a recovery by process of law, there must be an end of litigation; if it were otherwise there would be no security for any person, and great oppression might be done under the color and pretense of law.' *Marriott v. Hampton,* 7 Dunf. & East., 269. 'Good matter must be pleaded (or brought forward) in good form, in apt time, and in due order, otherwise great advantage may be lost.' Coke, 303-*b.* If there be any one principle of law settled beyond all dispute, it is this, that whensoever a cause of action, in the language of the law, *transit in rem judicatam,* and the judgment thereupon remains in full force and unreversed, the original cause of action is merged and gone forever, and so it is, also, that if the plaintiff had an opportunity of recovering something in litigation formerly between him and his adversary, and but for the failure to bring it forward or to press it to a conclusion before the court, he might have recovered it in the original suit; whatever does not for that reason pass into and become a part of the adjudication of the court is forever lost to him. *U. S. v. Leffler,* 11 Peters, 101. *Judge Willes* thus states the rule: 'Where the cause of action is the same and the plaintiff has had opportunity in the former suit of recovering that which he seeks to recover in the second, the former recovery is a bar to the latter action.' *Nelson v. Couch,* 15 C. B. (N. S.), 108; (s. c., 109 E. C. L. R., 108). These principles have been fully adopted by us, as will appear in the case of *Tyler v. Capeheart,* 125 N. C., 64, where the doctrine as to the

plea of former judgment is concisely and accurately stated." In *Tyler v. Capeheart* it was held that "the judgment is decisive of the point raised by the pleadings, or which might properly be predicated upon them." See also *Turnage v. Joyner,* 145 N. C., 81. The plaintiff is estopped by the judgment rendered at April Term, 1909, to allege that he is the owner of any land on the east side of the line A-B, or of any interest therein. Being concluded by the former judgment he cannot recover upon the cause of action stated in his complaint.

The fourth issue was properly submitted to the jury, as it involved a question of law and fact.

No error.