THOMAS GOLD v. C. S. MAXWELL.

(Filed 4 October, 1916.)

1. **Appeal and Error—Judgments—State's Lands—Protest—Improper Form— Court's Discretion.**

    Where a judgment or order holding that a protest to an entry on State's lands is not in proper form, and that another protest be filed within a certain time, has not been complied with or appealed from, it is within the discretion of the trial judge thereafter to grant or refuse a further extension of the time to file the protest, from the refusal of which an appeal will not lie, in the absence of abuse of this discretion.

2. **Judgments—Motions to Set Aside—During Term—Excusable Neglect— Statutes.**

    A motion to set aside a judgment for excusable neglect, made at the time the judgment was signed, will be denied, such matters being *in fieri* during the term, and Revisal, sec. 513, applies only to judgments rendered at prior terms.

CIVIL ACTION tried before *Devin, J.,* at June Term, 1916, of CARTERET.

This is a proceeding to protest an entry of land, heard upon motion of enterer to dismiss, for failure to file amended protest.

C. R. Wheatley, at the time of filing of this protest and up to the March term of said court, 1916, was attorney of record of the protestant.

At October Term, 1915, an order was made in said cause by his Honor, W. M. Bond, judge presiding, adjudging the protest not in proper form and requiring this protestant to file an amended protest within sixty days.

At March Term, 1916, C. R. Wheatley was permitted by the court to withdraw as counsel for protestant.

Between the March and June terms of said court E. H. Gorham, Esq., was employed by protestant to represent him as attorney in said proceedings, and at the first term thereafter, to wit, the June term of said court, Mr. Gorham moved the court to be allowed to amend the protest in accordance with the order of Judge W. M. Bond, of October Term, 1915. This motion was refused, and his Honor signed the judg-

ment dismissing the protest and adjudging the defendant C. S. Maxwell entitled to recover the cost in the action, to which said judgment the protestant excepted and appealed.

Judgment was then signed. That upon signing said.judgment, and at the same term of court, the protestant moved to set aside the judgment upon the ground of excusable neglect, and in support of his said motion offered the court the affidavit of E. H. Gorham, Esq. Counter-affidavit of C. R. Wheatley was filed on behalf of enterer.

The motion was refused, and the protestant excepted and appealed.

*E. H. Gorham for protestant.*
*Graham W. Duncan and R. E. Whitehurst for enterer.*

ALLEN, J. It was adjudged at October Term, 1915, that the protest was not in proper form, and this judgment has not been appealed from, and is binding on the parties, although it may have been erroneous, as the protestant now contends. *Weeks v. McPhail,* 128 N. C., 131.

It was also within the discretion of the judge presiding to allow or disallow the motion to file an amended protest after the time limited in the judgment of Judge Bond (*Church v. Church,* 158 N. C., 564), and we cannot interfere with the exercise of the discretion when, as in this case, there is no evidence of its abuse.

The motion to set aside the judgment at the time it was signed for excusable neglect was properly refused, as the remedy under Revisal, sec. 513, applies only to judgments rendered at prior terms (*McCulloch v. Doak,* 68 N. C., 267), for the reason that orders and judgments are *in fieri* during the term. *Gwinn v. Parker,* 119 N. C., 19.

Affirmed.