J. A. NORTHCOTT v. ROBERTA S. NORTHCOTT ET AL.

(Filed 27 February, 1918.)

**1. Betterments—Estates—Tenant for Life.**

A devise of lands for life with limitation over, does not entitle the life tenant to compensation for betterments he has placed on the land during his tenancy, under the equitable principles allowing it, or our statute relating thereto, Revisal, sec. 652 *et seq.*

**2. Judgments—Estoppel—Estates—Life Tenant.**

Where the right to compensation for betterments placed by the life tenant upon lands has been adjudged against him, or that he "is not entitled to a sale of the land to collect the improvements put thereon by him," the judgment reciting that the "cause is heard by consent on the pleadings, report of commissioner, and other records," with leave to plaintiff to amend his complaint, which was not done, with exception to the judgment appealed from but not perfected; *Held*, the judgment is conclusive between the parties and operates as an estoppel in another action between them upon the same subject-matter.

**3. Judgments—Estoppel—Nonsuit—Appeal and Error.**

Where the court has by consent considered the action upon the evidence and the pleadings and enters judgment therein for defendant as if upon demurrer, which is excepted to without perfecting the appeal, in another action upon the same subject-matter between the parties it is *Held*, the judgment so entered is equivalent to one of nonsuit under our statute.

**4. Judgments—Extraneous Matters—Excuse—Appeal and Error.**

Where judgment has been excepted to and the appeal not perfected, the appellant in another action involving the same subject-matter may not dispute the finality and conclusiveness of the judgment by showing he had another cause of action which he had not brought forward.

CIVIL ACTION, tried before *Whedbee, J.*, at October Term, 1917, of HERTFORD.

Plaintiff alleged that Mary A. Mitchell died 19 June, 1899, leaving a will in which she devised the land in question, in the town of Winton, to him for life (after the death of her husband); and at plaintiff's death to his children in fee, but if he died without children, to his sister, Roberta S. Northcott, with an exception of part of the lot which is given to Roberta S. Northcott for her life with limitation in case of her death without heirs of her body, to John A. Northcott for his life and then to his children, but not to be sold. Plaintiff further alleges that he has

improved said lot by erecting a fine residence upon it costing $2,800, and fences around the yard, where he and defendants live. His children and Roberta S. Northcott, his sister, were made parties defendant and served with process, a guardian *ad litem* having been appointed for the children, who are minors. It was further alleged that the interests of the defendants would be materially promoted by a sale of the lot. Plaintiff then prayed for judgment, among other things:

"1. That the plaintiff be allowed to purchase said lot by paying the value of same prior to said improvements, and the money to be invested as the court may direct.

"2. That if the court be of the opinion that such a sale cannot be made, then that said lot be sold in the manner directed by the court, and the proceeds be invested as the court may decree.

"3. For such other relief as plaintiff may be entitled in law or equity."

The case was heard by Judge Winston, who entered the following judgment: "This cause is heard by consent on the pleadings, report of commissioners, and other records referred to in the pleadings, and upon the deed for the land to John A. Northcott and others. The court is of the opinion that John A. Northcott is not entitled to a sale of the land to collect the improvements put thereon by him and so adjudge. To this the said Northcott excepts. On motion of plaintiff to be allowed to do so, leave is given him to amend his complaint. It is adjudged that plaintiff pay the costs of this action up to the filing of such amendment as he desires. It was agreed that the judge should take the papers and render his judgment out of term and out of the county and district. Done at chambers, 14 October, 1916."

At October Term, 1917, the cause was heard by *Judge Whedbee,* who entered the following judgment: "This cause being called for hearing, and after having read the pleadings and the judgment rendered by *Winston, J.,* the court is of the opinion that the Winston judgment is a final determination of this action, and it is adjudged that the action be dismissed as of nonsuit, and the plaintiff is taxed with the costs." Plaintiff appealed.

*Pruden & Pruden and Winborne & Winborne for plaintiff.*
*W. D. Boone for defendants.*

WALKER, J., after stating the case: We are of the opinion that Judge Winston was right in holding that the plaintiff was not entitled to judgment for a sale of the land to pay for the improvements which he had put upon it. The reason is that he has improved it for the better enjoyment of his admitted estate in it, knowing the length of his term, or the quantity of his interest, and, therefore, when his estate will ex-

pire. He is not within the protection of the equitable principle allowing for betterments made by one who honestly and in good faith believed he had a good title and is afterwards deprived of the land, when an equity arises for his compensation, at least out of the rents and profits, or the value of use and occupation chargeable against him, and our statute is in affirmance of the principle, Revisal, sec. 652 *et seq.,* but perhaps more liberal in its provisions and broader in its scope. We need not discuss or decide as to the extent of this equitable doctrine, because the benefit of it cannot be claimed by the plaintiff, who shows no equity that entitles him to it. 16 Cyc., 631, says: "If the life tenant himself makes permanent improvements, it will be presumed that they were for his own benefit, and he cannot recover anything therefor from the remainderman or reversioner." Many cases are cited in the note to this text in support of the statement, and among them *Merritt v. Scott,* 81 N. C., 385, where *Smith, C. J.,* said: "We think it clear that improvements of any kind put upon land by a life tenant during his occupancy constitute no charge upon the land when it passes to the remainderman. He is entitled to the property in its improved state, without deduction for its increased value by reason of good management or the erection of buildings by the life tenant, for the obvious reason that the latter is improving his own property and for his own present benefit. This proposition is too plain to need the citation of authority."

*Lord Thurlow* said that a tenant for life, with remainder over to others, could not lay out a sum of money on the estate and charge it on the reversion or remainder, although the estate itself would be benefited. *Bostick v. Blackeney,* 29 Eng Reprint, 362, 364 (2 Bro., ch. 656). And in *Stewart v. Matheny,* 14 Am. St. Rep., 538, the same rule is stated with the reasons for it, that "the holders of the land during the life estate must be held to have known the nature and duration of their estate, and to have improved it for themselves, taking the risk of its duration, and nothing is shown to entitle the life tenant to pay for improvements." *Wilson v. Parker,* 14 Sou. Rep., 264, 266; *Doale v. Wiswell,* 38 Me., 569; *Warren v. Lauman,* 91 Md., 90.

The judgment entered by order of *Judge Winston* was clearly intended to cover the whole case submitted to him for his decision, and that was based upon all the matters alleged in the complaint, and the question was treated by the parties and the learned judge as if raised by demurrer to the complaint. The judgment, therefore, was equivalent to one of nonsuit, under the statute, whereby the action is dismissed. It was a final decision upon the merits of the case. While the judge stated therein that plaintiff was not entitled to a sale of the land to collect for the improvements placed thereon by him, this does not limit the conclusive effect of the judgment as to all matters alleged in the complaint. The

truth is that plaintiff wanted a sale to himself of the land at its unimproved value, and if that could not be allowed to him, then a sale of it as it stood with the improvement, so that he might have an opportunity to buy the remainder, taking his chance on the price. He was looking out for his own interests, and not for those of the remaindermen; and the court viewed it as an effort on his part to be reimbursed for his outlay, whether the sale was private and restricted, or public and unrestricted. At any rate, the judgment was intended to cover the whole case, and if plaintiff elected not to amend, then he should have prosecuted his appeal. Not having done so, *Judge Whedbee* properly held and adjudged that he was barred of any recovery in that action by *Judge Winston's* decree.

The case was not conducted with a very precise regard to due formality. The judgments should have been drawn out in full and signed, but, while this was not done, enough appears to show that the plaintiff has had a full day in court and lost. If the decision was erroneous, he could only be restored to his right by an appeal. He cannot now explain or attack the judgment by showing that he had another cause of action which could have been brought forward but was not. We think the case falls under the principle of estoppel as defined in *McKimmon v. Caulk,* 170 N. C., 54, at p. 56, quoting from *Coltraine v. Laughlin,* 157 N. C., 287; but if not, we fail to see how plaintiff can now relitigate a matter covered and closed by a final judgment, and especially so when it was agreed by the parties that the case be submitted to the judge for his decision and judgment upon all matters embraced within the pleadings. He did consider it and gave judgment for the defendants, and this ends the litigation, no appeal having been prosecuted to this Court.

We, therefore, agree with *Judge Whedbee* that the proceeding should be dismissed.

No error.