NORTH CAROLINA RAILROAD COMPANY v. C. D. STORY, SHERIFF OF ALAMANCE COUNTY, NORTH CAROLINA, AND P. M. KING, ADMINISTRATOR OF MAGGIE BARBER, DECEASED.

(Filed 16 March, 1927.)

**1. Judgments—Railroads—Carriers—War—Execution—Res Judicata.**

The Federal Control Act of 29 August, 1916, does not forbid a judgment being taken against a carrier for injury caused by its negligent act in the operation of its railroad by the Government during war conditions. but only an execution and levy against its property, which cannot take place until after judgment, and this cannot be considered as *res judicata* in the action in which the judgment against the carrier had been rendered, the remedy being under the Federal Statute of 1920.

**2. Courts—Railroads—War—Federal Courts.**

The decision of the Supreme Court of the United States is controlling over that of the State court upon the issuance of levy and execution against the property of a railroad, under a judgment rendered as to the time the railroad was in control of the government as a war measure.

APPEAL by defendants from *Bryson, J.,* at March Term, 1927, of GUILFORD. No error.

*Facts:* On 21 March, 1921, P. M. King, as administrator of Maggie Barber, recovered a judgment for $2,500 in the Superior Court of Guilford County, against the North Carolina Railroad Company for the negligent killing of his intestate. This judgment not being paid, the said administrator on 8 February, 1922, brought an action upon this judgment in said Superior Court, and at April Term, 1922, said court rendered judgment in his favor against the defendant therein (the present plaintiff) for $2,595.65, interest and costs. The North Carolina Railroad Company appealed from said judgment to this Court where, on 29 December, 1922, it was affirmed (184 N. C., 442). There was nothing done by the present plaintiff to have this judgment reviewed by the Supreme Court of the United States.

At March Term, 1923, of said Superior Court, Hon. A. M. Stack, judge presiding, made an order in said case, pursuant to C. S., 659. It recited that the judgment therein had, upon appeal, been affirmed by this Court, and gave judgment directing and ordering that execution of said judgment do proceed. The North Carolina Railroad Company thereupon caused the following entry to be made on the record: "From the above judgment the defendant appeals to the Supreme Court, said defendant resisting and objecting to the signing of said judgment. Notice of appeal waived. Appeal bond fixed at $50.00." No further steps were taken to perfect this appeal.

Thereafter, in April, 1923, P. M. King, administrator, pursuant to said order, sued out an execution from said Superior Court upon said judgment, and delivered the same to C. D. Story, sheriff of Alamance County, who, acting thereunder, levied upon certain real property of the North Carolina Railroad Company in Alamance County and advertised the same for sale in the manner provided by law, to satisfy said execution.

On 5 May, 1923, the North Carolina Railroad Company brought the present action against C. D. Story, sheriff, and P. M. King, administrator, for an injunction against further proceedings under said execution. It alleged certain facts, as to the former litigation between said administrator and itself, stating that the North Carolina Railroad Company had property in Alamance County subject to execution and claiming that its said property was exempt from execution upon the judgment in which it was issued by virtue of various acts of Congress of the United States; it further alleged as grounds for injunction relief the provisions of the Federal Control Act and of the Transportation Act (1920), and especially section 206g. All these matters had been set up

and relied upon by the North Carolina Railroad Company in its answers filed in the two former actions between P. M. King, administrator, and itself, in which judgments had been rendered against it. The prayer was that an order issue restraining and permanently enjoining defendants from taking any further steps to satisfy the execution. On said 5 May, 1923, plaintiff herein applied to Harding, J., then by exchange presiding over Guilford Superior Court, and obtained from him an order for the defendants to show cause before Shaw, J., at Winston-Salem on 22 May, 1923, why an injunction should not be issued restraining them from taking any further steps to satisfy said execution, and in the meantime restraining them from any further action under the said execution until the return day. On 17 May, 1923, defendants answered, and among other things they alleged: "That all the matters and things alleged in the complaint as grounds for injunction or other relief in the present action have been heretofore adjudicated between the plaintiff and the defendant, P. M. King, administrator of Maggie Barber, deceased, both by the Superior Court of Guilford County and by the Supreme Court of North Carolina, and are as between them *res adjudicata* and cannot be again litigated in the present action."

On 22 May, 1923, Judge Harding's order to show cause was heard at Winston-Salem, before Shaw, J., who thereupon ordered and adjudged "that the motion of plaintiff to continue and make permanent the temporary restraining order issued by Judge Harding be, and it is hereby denied." The plaintiff appealed from the order of the Superior Court. This order, on 20 February, 1924, was affirmed by this Court, 187 N. C., 184.

Upon writ of *certiorari* the Supreme Court of the United States reviewed the judgment of this Court and reversed it, remanding the cause "for further proceedings not inconsistent with the opinion of the Supreme Court of the United States." When the mandate of the Supreme Court of the United States was filed in this Court, King, administrator, filed a motion, and upon that motion the Court heard oral argument, and thereafter directed that the cause be certified to the Superior Court of Guilford County to be proceeded with according to law.

The case came on to be heard at March Term, 1926, of Guilford County Superior Court before Bryson, Judge, and a jury, upon the issues raised by the pleadings.

The following issue was submitted to the jury: "Is the plaintiff estopped from prosecuting the present action to restrain and enjoin proceedings under the execution issued upon the judgment rendered by said court in the case of P. M. King, as administrator of Maggie Barber, the above named defendant, against the North Carolina Railroad Company, above named plaintiff, by the order and judgment of said

court made in said case at March Term, 1923, directing that the execution of said judgment do proceed?"

The court charged the jury as follows: "That upon all the evidence, if believed by you, it becomes your duty, under the instruction of the court, to determine and declare by your verdict or answer to the issue that the plaintiff is not estopped and to answer the issue 'No.'" The jury answered the issue "No," and judgment was entered accordingly. The defendants excepted and appealed to this Court, assigning for error his Honor's said instruction.

*Manly, Hendren & Womble for plaintiff.*
*R. C. Strudwick for defendants.*

CLARKSON, J. It may appear to be a hardship that P. M. King, administrator of Maggie Barber, cannot enforce the collection by execution and levy the judgment obtained against the North Carolina Railroad Company. We must consider the setting: The United States Government put forth every effort to aid her allies and to help win the World War; to meet certain situations that arose during this period Congress passed what is known as the Transportation Act of 1920.

Sec. 206(g) is as follows: "No execution of process, other than on a judgment recovered by the United States against a carrier, *shall be levied upon the property* of any carrier where the cause of action on account of which the judgment was obtained grew out of the possession, use, control, or operation of any railroad or system of transportation by the President under Federal control." The war emergency forced Congress to take the railroads from their owners and they were operated under Federal control. Under the act, the roads were taken over under the proclamation of the President. Sec. 206(g), *supra,* forbids execution to be levied on any carrier's property when the cause of action arose under Federal control.

King, the administrator, has, by pleading and otherwise, consistently taken the position that this matter is *res adjudicata;* that the doctrine of estoppel is applicable, and that *"execution of said judgment do proceed";* order of Stack, J., at March Term, 1923, from which an appeal was taken but not perfected, is a finality. We cannot now so hold. Under the decision in *North Carolina Railroad Co. v. Story,* 288 U. S., Supreme Court Rep., p. 287, upon writ of *certiorari* reversing this Court (187 N. C., 184) it is said at p. 293: "Coming now to the merits, it may be conceded that the first judgment against the company in favor of the administrator, however erroneous it was in view of the cases of *Missouri P. R. Co. v. Ault,* 256 U. S., 554, 65 L. Ed., 1087, 41 Sup. Ct. Rep., 593, and *North Carolina R. Co. v. Lee,* 260 U. S., 16, 67 L. Ed.,

104, 43 Sup. Ct. Rep., 2, not having been appealed from, was *res judicata.* Nor could sec. 206(g) prevent the second judgment. It was not directed against judgments. It was intended to protect the property of the company, not by preventing a judgment, but by preventing an execution to satisfy a judgment for injury by government operation of its road, whether that judgment was rendered against the carrier which leased the road, against the carrier which owned the road, or against the government itself. . . . By virtue of a law of Congress plainly within its power, a distinction was thus made between the judgment and the execution. The State Supreme Court decided that the right to a judgment as between the plaintiff and the railroad company in the second case was established by the first judgment, not that a right to execution thereon was established. 184 N. C., 442, 115 S. E., 172. . . . It is well settled that the principle of *res judicata* is only applicable to the point adjudged and not to points only collaterally under consideration, or incidentally under cognizance, or only to be inferred by arguing from the degree (citing cases). . . . The reasoning and opinion of the court are not *res judicata* unless the subject-matter in issue be definitely disposed of by the decree," citing cases.

King, administrator, had a remedy under section 206(a), of the Transportation Act of 1920, which reads as follows: "Actions at law, suits in equity, and proceeding in admiralty, based on causes of action arising out of the possession, use of operation by the President of the railroad system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of 29 August, 1916), of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act."

A careful analysis of the controversy will disclose that the gist of the contentions in the end is simple. The plaintiff contends that the question here could not be an issuable matter in the action for actionable negligence for King's intestate's death; that the question of *execution and levy* under the Federal Act did not arise until there was an actual *levy* upon the property; this may never happen, therefore, there could be no *res judicata* or estoppel. The Stack, J., order *"that execution of said judgment do proceed"* was *pro forma* under C. S., 659; that plaintiff had no equity on which to base an application for relief to restrain defendants until an actual *execution and levy*. This question could not be in issue in the actionable negligence case during that controversy—it was not born and had no life, therefore there could be no estoppel *res judicata*—its birthday was the *execution and levy*.

We have studied with care the decisions cited by defendants, but we think the United States Supreme Court reversing this Court settled every contention against defendants. As said in the brief of plaintiff: "Unquestionably the Supreme Court of the United States took cognizance of the case, exercised its power and jurisdiction, and has adjudged the rights of the parties." We can find

No error.