BENJ. Z. CAMERON v. C. J. McDONALD, SHERIFF, ET AL.

(Filed 3 January, 1940.)

1. **Judgments § 22i: Courts § 3—**

　　The sole remedy against error of law in a regular judgment rendered within the Superior Court's jurisdiction is by appeal, and in the absence of appeal the judgment is final and binding on the parties and may not be attacked in subsequent proceedings in the Superior Court, since no appeal will lie from one Superior Court judge to another.

2. **Laborers' and Materialmen's Liens § 8: Homestead § 4—**

　　The right of homestead is superior to the lien of a material furnisher. Constitution of North Carolina, Art. X, sec. 2.

3. **Judgments § 32: Homestead § 8—Right to homestead may be waived.**

　　The right to claim homestead may be lost by failure to assert it in apt time, by waiver, or by estoppel, and therefore when no appeal is taken

from a judgment in proceedings to enforce a materialman's lien which specifically orders the property to be sold free of homestead, the judgment is *res judicata* and estops the owner from maintaining subsequent proceedings to restrain the sale of the land free of homestead, notwithstanding that this provision of the prior judgment may be erroneous.

**4. Constitutional Law § 3c—**

Subject to certain exceptions, a defendant may waive a constitutional as well as a statutory provision made for his benefit, and such waiver may be made by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it.

APPEAL by defendants from *Olive, Special Judge,* at September Term, 1939, of MOORE.

Civil action to restrain sale of plaintiff's land under execution free of homestead.

It is alleged in the complaint:

1. That the plaintiff is indebted to the defendant in the sum of $229.08, with interest from 18 February, 1938, for building materials and lumber purchased on credit and used by the plaintiff in the construction of a building on a lot of land, specifically described, situate in Moore County.

2. That on 4 March, 1938, the defendant filed material furnishers' "lien on said land and building, and brought action to enforce said lien, exclusive of homestead to the said plaintiff."

It appears from the "facts agreed":

3. That judgment by default was rendered in said action, "purporting to perfect said lien and declared it to be a specific lien on said lands, and directed that said lands be sold under execution free of defendant's homestead."

4. That no appeal was taken from said judgment, and no order has been entered setting aside, modifying or altering it in any way. ·

5. That execution was issued on said judgment, directing the sheriff to sell the same "free of defendant's claim of homestead" in accordance with the language of the judgment.

The court being of opinion "that the portion of said judgment  .  .  . which adjudges that Babcock Lumber Company is entitled to have Benj. Z. Cameron's land sold free of homestead is void," entered judgment for plaintiff restraining the sale except upon allotment of the homestead.

From this order, the defendants appeal, assigning errors.

*W. Clement Barrett and H. F. Seawell, Jr., for plaintiff, appellee.*
*Hoyle & Edwards for defendants, appellants.*

STACY, C. J.   In the present proceeding, the plaintiff seeks to annul that part of the judgment rendered in the case of "Babcock Lumber Company *v.* Benj. Z. Cameron" which orders a sale of certain lands to enforce specific lien thereon "free of defendant's claim of homestead." The character of the attack, whether direct or collateral, may be treated with indifference in the view we take of the case.   *Finance Co. v. Trust Co.,* 213 N. C., 369, 196 S. E., 340; *Oliver v. Hood,* 209 N. C., 291, 183 S. E., 657; *Craddock v. Brinkley,* 177 N. C., 125, 98 S. E., 280; Note, Ann. Cas. 1914 B 82; 15 R. C. L., 839.

The plaintiff is entitled to prevail only in case the judgment assailed is void.   *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350.   No appeal lies from one Superior Court to another.   *S. v. Lea,* 203 N. C., 316, 166 S. E., 292, and cases there cited.   The proper way to review an erroneous judgment of the Superior Court is by appeal to the Supreme Court. *Finger v. Smith,* 191 N. C., 818, 133 S. E., 186; *McLeod v. Graham,* 132 N. C., 473, 43 S. E., 935; *Henderson v. Moore,* 125 N. C., 383, 34 S. E., 446; *Dail v. Hawkins,* 211 N. C., 283, 189 S. E., 774.

It may be conceded that the order of sale "free of defendant's claim of homestead" is discordant with the law on the subject.   *Cumming v. Bloodworth,* 87 N. C., 83.   The court doubtless had in mind that the plaintiff was asserting a "mechanic's lien," which is superior to homestead, rather than a lien for materials furnished, which is inferior to the homestead exemption of the owner.   *Broyhill v. Gaither,* 119 N. C., 443, 26 S. E., 31.   It is the function of the Supreme Court to correct such errors when properly presented for review.   But unless the jurisdiction of the appellate court is invoked in some appropriate way, *i.e.,* by appeal or *certiorari,* all regular judgments rendered within the trial court's jurisdiction, regardless of their correctness in law, become final and are binding on the parties.   *Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535.

It is provided by Art. X, sec. 2, of the Constitution that "Every homestead   .   .   .   not exceeding in value one thousand dollars   .   .   . shall be exempt from sale under execution or other final process obtained on any debt," save and except sales for taxes and purchase-money obligations.   Hence, had the judgment not mentioned the matter of homestead, or had it not been in issue, the case of *Cumming v. Bloodworth, supra,* would be a direct authority for the plaintiff's position.   But with the question of homestead admittedly at issue and decided adversely to plaintiff's claim, though erroneously perhaps, it does not follow that the judgment, unappealed from and unchallenged, is void, either in whole or in part.   "A regular judgment against him, disposing of his homestead, would not be void or even irregular, but at most only erroneous, and to

be corrected, if wrong, by appeal." *Simmons v. McCullin,* 163 N. C., 409, 79 S. E., 625.

The authority to hear and determine carries with it the power to adjudge erroneously as well as correctly. *Hart v. Smith,* 159 Ind., 661, 95 A. S. R., 280, 58 L. R. A., 949. This is a postulate of jurisdiction. *King v. R. R.,* 184 N. C., 442, 115 S. E., 172; *S. c., sub nomine, R. R. v. Story,* 193 N. C., 362, 137 S. E., 166. "A judgment not appealed from, however erroneous, is *res judicata." North Carolina R. R. v. Story,* 268 U. S., 288. If this were not so, why have a court of review or one for the correction of errors?

Given jurisdiction and the power to decide, it is not perceived upon what principle a mistake in constitutional law should be visited with more, or less, serious consequences than a mistake in common or statutory law. *Treinies v. Sunshine Mining Co.,* filed 6 November, 1939, ...... U. S., ......, 84 Law Ed., 1; *Simmons v. McCullin, supra; Koepke v. Hill,* 157 Ind., 172, 60 N. E., 1039; 87 A. S. R., 161; 15 R. C. L., 861.

Moreover, it is the general rule, subject to certain exceptions, that a defendant may waive a constitutional as well as a statutory provision made for his benefit. Sedgwick Stat. and Const. Law, p. 111. And this may be done by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629.

The right to claim a homestead may be lost by failure to assert it in apt time, by waiver, or by estoppel. *Pence v. Price,* 211 N. C., 707, 192 S. E., 99; *Duplin County v. Harrell,* 195 N. C., 445, 142 S. E., 481; *Simmons v. McCullin, supra; Caudle v. Morris,* 160 N. C., 168, 76 S. E., 17; *Wilson v. Taylor,* 98 N. C., 275, 3 S. E., 492; *Hinson v. Adrian,* 92 N. C., 121. The holding in *Lambert v. Kinnery,* 74 N. C., 348, is not at variance with this position. Nor is the decision in *Dellinger v. Tweed,* 66 N. C., 206, *contra.*

Having omitted to assert his right to a homestead in the particular land, when the matter was in issue, we think the plaintiff is now estopped to relitigate the question. *Ladd v. Byrd,* 113 N. C., 466, 18 S. E., 666. He may have preferred a homestead in other lands, or at least it did not then appear that the claim of homestead would be asserted against the enforcement of the lien on the specific property for materials furnished and used in the construction of the building erected thereon. *Ferguson v. Wright,* 113 N. C., 537, 18 S. E., 691. The matter is concluded by the former judgment.

A judgment regularly entered by a court having jurisdiction and authority to act in the premises, from which no appeal is taken, operates as an estoppel upon the parties thereto and those claiming under them, though the judgment may be erroneous in law. *Northcott v. Northcott,*

175 N. C., 148, 95 S. E., 104; *Moore v. Packer,* 174 N. C., 665, 94 S. E., 449; *Gold v. Maxwell,* 172 N. C., 149, 90 S. E., 115; *Propst v. Caldwell, ibid.,* 594, 90 S. E., 757; *White v. Tayloe,* 153 N. C., 29, 68 S. E., 907; *Weeks v. McPhail,* 128 N. C., 130, 38 S. E., 472; *Land Co. v. Guthrie,* 123 N. C., 185, 31 S. E., 601.

The logic of the decision in *Simmons v. McCullin, supra,* is in full support of the defendant's view.

Error.