ANGELA HUFFSTETLER, PETITIONER/APPELLANT v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, RESPONDENT/APPELLEE

No. 8927SC1329

(Filed 18 June 1991)

### 1. Social Security and Public Welfare § 1 (NCI3d) — AFDC — six-month review — prior determination — law of the case

The Division of Social Services erred in an AFDC determination by deciding that a husband's impairments no longer substantially reduce his ability to support his children where the evidence upon which the agency made that determination is not materially different from the evidence before the agency when it determined that his ability to support his children was substantially impaired. The first decision, not having been appealed, is the law of the case and may not be reversed upon essentially the same evidence.

**Am Jur 2d, Welfare Laws § 15.**

**2. Social Security and Public Welfare § 1 (NCI3d) — AFDC — husband's alcohol abuse — no change in condition**

The Division of Social Services erred in an AFDC determination by deciding that a husband's medical condition failed to render him incapacitated for purposes of supporting his children where the agency had determined six months earlier that his impairments substantially reduced his ability to support and care for the children. The findings and conclusions after the six-month review showed that the impairments that existed six months earlier still existed and did not indicate that his condition had improved to the point that he was capable of obtaining and retaining a full-time job. The decision, contrary to law, would deprive the children of AFDC benefits not because their father can contribute to their support, but because of his intemperate practices.

**Am Jur 2d, Welfare Laws § 15.**

APPEAL by petitioner from judgment entered 19 July 1989 by *Judge Robert E. Gaines* in CLEVELAND County Superior Court. Heard in the Court of Appeals 17 September 1990.

*Catawba Valley Legal Services, Inc., by John Vail, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane T. Friedensen, for respondent appellee.*

PHILLIPS, Judge.

Petitioner and her husband, Dennis Huffstetler, live in Kings Mountain with their two sons, Rusty, 14, and Dennis, 13. By a final agency decision entered 26 April 1988, the Division of Social Services of the North Carolina Department of Human Resources determined that petitioner was entitled to Aid to Families with Dependent Children because of her husband's inability to contribute to the support of the children. The conclusion that Mr. Huffstetler's impairments substantially reduced his ability to support and care for the children was based in pertinent part upon findings that—

(a) he had a continuing history of alcohol abuse and suffered recurring intermittent rectal bleeding for six or seven years;

(b) he had been experiencing chest pain of undetermined etiology for three or four years that occurred two or three times a week;

(c) he slept poorly due to alcohol abuse; and

(d) he was diagnosed as having inadequately controlled high blood pressure.

When the agency reviewed Mr. Huffstetler's status six months later, as the regulations permit, it concluded that his impairments do not substantially reduce his ability to support and care for the children. That decision, affirmed by the Superior Court, is challenged by petitioner's appeal.

[1]  Petitioner's only argument—that the final agency determination that Mr. Huffstetler's impairments no longer substantially reduce his ability to support his children is not supported by substantial evidence—has merit. The evidence upon which the agency determined that Mr. Huffstetler's impairments do not substantially reduce his ability to support his children is not materially different from the evidence before the agency when it determined that Huffstetler's ability to support his children was substantially reduced by his health impairments. The first decision, not having been appealed, is the law of the case and may not be reversed upon essentially the same evidence. *Cameron v. McDonald*, 216 N.C. 712, 6 S.E.2d 497 (1940).

[2]  The decision appealed from is also erroneous because the Department's findings of fact and other conclusions do not support its ultimate conclusion that Huffstetler's medical condition "fails to render him incapacitated." The Department's pertinent findings and conclusions follow:

### Findings

a. He is diagnosed as having alcoholic gastritis. . . . The descending part of duodenum appeared to be slightly stretched and the possibility of some extrinsic pressure from the head of the pancreas is suggested, however, pancreatitis was ruled out. The possibility of hepatomegaly is suggested. . . . The record shows that he has cut back rather considerably on his alcohol consumption.

b. His hypertension is not well controlled but improved control is indicated on therapy. He complained of recurring chest pain that results in left side numbness.

c. The appellant's husband also complained of recurrent swelling of the feet and hands, and bouts of vomiting.

**HUFFSTETLER v. N.C. DEPT. OF HUMAN RESOURCES**

[103 N.C. App. 284 (1991)]

*Conclusions*

1. The evidence indicates that the appellant's husband does have a problem with hypertension. However, this problem is attributable to his failure to take his medication properly.

2. While he continues to have problems with chest pains, swelling and vomiting the record shows that he has failed to abstain from the use of alcohol. It is noted that his alcohol intake has lessened but he has failed to abstain.

3. He has regular heart rate and rhythm and his chest is clear of rales.

These findings and conclusions do not indicate that Mr. Huffstetler's condition had improved to the point that he was capable of obtaining and retaining a full-time job. Instead, they show that the impairments that existed six months earlier still exist. Eligibility for Aid to Families with Dependent Children under Section 2330 of the AFDC Manual depends only upon the parent's inability to contribute to the support of the child. In this case, contrary to law, the agency's final decision, affirmed by the court, would deprive the Huffstetler children of AFDC benefits not because their father can contribute to their support but because of his intemperate practices. *King v. Smith*, 392 U.S. 309, 20 L.Ed.2d 1118 (1968). The cases the Department cites for allowing benefits to be terminated for failing to participate in alcohol treatment programs do not apply to this case. All those cases involved Social Security benefits for uncooperative alcoholics; this case concerns benefits for needy children.

Reversed.

Chief Judge HEDRICK and Judge ARNOLD concur.