J. A. LEAK, JR., et al. v. J. C. GAY et al., Petitioners.

*Messrs. Little & Parsons* (by brief), for plaintiffs.
*Mr. P. D. Walker,* for homesteader.
*Mr. C. W. Tillett,* for petitioners.

AVERY, J.: This is a petition to rehear the appeal of J. S. Spencer & Co. and B. F. and H. C. Lowdermilk.

All the questions involved in both appeals in this case were discussed at length in the opinion filed in the appeal of defendant J. C. Gay, the homesteader. The fund left after satisfying the senior mortgage of J. A. Leak, Sr., was $1,334 35. For this sum the contestants in the Court below were the junior mortgagee, J. A. Leak, Jr.; the homesteader, J. C. Gay, and the appellants in this case, J. S. Spencer & Co. and B. F. and H. C. Lowdermilk, who are judgment creditors with other judgment creditors named in the Clerk's report. In

the Court below it was ordered that, out of this fund left after discharging the mortgage debt of J. A. Leak, Sr., the mortgage debt of J. A. Leak, Jr., should be first paid in order to exonerate the homestead upon which it was a lien. Out of the residue left after paying the whole of the junior mortgage debt, it was further ordered that the sum of $390 34, the present value of the life-estate of John C. Gay, be paid to him in lieu of his homestead, and the residue, if any, should be paid to the judgment creditors. This Court held, in explicit terms, that the mortgage debt of the junior mortgagee, being a lien for which the homestead could be now subjected to sale, it would be first paid out of the fund for the relief and exoneration of the homestead. J. A. Leak, Jr.; had not appealed to this Court.

The defendant Gay appealed because the Court refused to order that the whole of the sum (which it was stated in this Court would amount to about $800) left after paying the debt of the junior mortgagee should have been paid over to him, instead of $390 34, the present value of his homestead. We held that he was entitled only to the sum allowed him in the Court below, and that in his appeal there was no error.

The appellants in this case relied upon two assignments of error. Reversing the order in which they were set forth in the record, the second exception was to the judgment of the Court below giving to the homesteader the present value of his homestead. The reasons for declaring the defendant Gay, after he had elected to take the present value of his homestead, entitled to that amount, and no more, were given in full in the discussion of his appeal.

The first exception we find, upon a more critical examination than was made when the petition to rehear was allowed, is based solely upon the ground that his Honor ordered that the junior mortgage debt be paid out of the fund of $1,334.35 left after paying the senior mortgage, in preference to the debts of the judgment creditors. The junior mortgagee

was entitled to be so paid, and, in that, there was no error in the ruling of the Court below, and there was no ground for a rehearing here.

Whatever sum was left after paying, first, the costs and the mortgage debt of J. A. Leak, Sr.; second, the mortgage debt of J. A. Leak, Jr.; third, the sum of $390.34 to J. C. Gay, should have been paid over to the judgment creditors, and was so paid, if the decision of this Court was respected. If, after paying the junior mortgagee, there was not more than $390.34 left, of course the judgment creditors could get nothing. In the defendant's appeal, we held that if there was such balance left, the homesteader Gay would not be entitled to receive it, because the effect of the Act of 1885 (ch 359), construed with section ·3766 of *The Code*, was to restore the lien of the judgments as of the time of their rendition. But the restoration of the lien does not in the least affect the right of the defendant Gay to have the homestead exonerated by the payment of the debt of the junior mortgagee out of the excess, in preference to the claims of the judgment creditors. Neither J. A. Leak, Sr., nor J. A. Leak, Jr., appealed. The judgment of the Court below, rendered by *Bynum, J.*, directed the fund to be distributed in the way pointed out in the opinion of this Court in the appeal of Gay. We therefore adhere to our former ruling. There was no error in the order of the Court below directing the distribution of the fund.

Petition dismissed.