H. M. CROUCH v. T. P. CROUCH.

(Filed 20 November, 1912.)

1. **Debtor and Creditor — Judgments — Liens — Different County— Homesteads — Registration — Appraisers' Returns — Judgment Rolls.**

   A creditor obtained judgment and had it sent to another county and laid off the debtor's homestead, and the appraisers' report was found in the latter county in the clerk's office, in a metallic filing case, labeled "Homesteads." Thereafter the homesteader conveyed a part of the homestead lands: *Held*, (1) his vendee acquired title subject to the lien of the judgment; (2) the judgment having originally been obtained in another county, the appraisers' returns could not have been found in the judgment rolls, and were properly filed in the county wherein the homestead was laid off; (3) the registration of the homestead is unnecessary unless the exemption is made on the debtor's petition.

2. **Limitation of Actions—Judgments—Liens—Homesteader in Possession—Adverse Possession—Deeds and Conveyances—Color.**

   In order to plead the statute of limitations against a judgment lien, the vendee of lands embraced in a homestead may show that the allotment was invalid; but, in this case, the vendee having bought subject to the judgment and been in possession for twenty years, any irregularity in the allotment could only be taken advantage of by the judgment creditor.

3. **Homestead—Conveyance—Interpretation of Statutes—Limitation of Actions—Adverse Possession.**

   The act of 1905, now Revisal, sec. 686, providing that a homestead exemption cease upon its being conveyed by the homesteader, by express terms is not retroactive, and the vendee cannot acquire title under color until seven years adverse possession since 1905. It is further *Held*, that the ten-years statute in this case had not run against the lien of the judgment.

4. **Judgments — Liens — Homestead—Procedure—Trusts and Trustees—Execution.**

   In this action, the homestead conveyed being subject to a lien of a judgment creditor, it is *Held*, that in accordance with the relief demanded, the vendee be declared a trustee to convey to the purchaser at the execution sale under the judgment, and that the administrator of the deceased homesteader be authorized to sell the lands and apply the proceeds to the satisfaction of the judgment; though a simpler remedy for the judgment creditor would be to sell under his execution.

APPEAL by plaintiff from *Adams, J.,* at May Term, 1912, of CALDWELL.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Edmund Jones, M. N. Harshaw, and I. W. Whisnant for plaintiff.*

*W. C. Newland and Mark Squires for defendants.*

CLARK, C. J. The plaintiff obtained judgment against Laban E. Hoke, the intestate of defendant, in Alexander County 3 July, 1888, which was docketed in Caldwell, 18 November, 1888. Execution issued 22 March, 1889, from Alexander County to the sheriff of Caldwell, who summoned three appraisers on 25 April, 1889, whose allotment to said Hoke of his homestead included a tract which is described in their return as "First tract, valued at $36, known as the Fisher land." This is the tract which the plaintiff is seeking to subject to satisfaction of his judgment. The appraisers' report was returned to the clerk of Caldwell Superior Court, in whose office it was found 16 August, 1909, in a metallic filing case, labeled "Homesteads." The sheriff sold all the lands of said Hoke not embraced in the appraisers' return on 5 August, 1889, the plaintiff being the purchaser thereof.

On 21 September, 1889, said Hoke executed a deed to the defendant Felix Abernathey for the "Fisher land," which had been allotted to him as a part of his homestead. Hoke died 16 July, 1909, leaving him surviving his widow and two children, both of whom are of age. This action was begun 4 October, 1910, to subject the "Fisher tract" to payment of plaintiff's judgment, and plaintiff asked that the court decree the deed from Hoke to Abernathey void as against the lien of the plaintiff's docketed judgment; that Abernathey be directed as trustee to convey to the purchaser at execution sale and that defendant administrator be authorized to sell the land and apply the proceeds to the satisfaction of the plaintiff's judgment. The court held that Abernathey had no actual notice of the allotment of the land in question as a part of Hoke's homestead exemption, and that the constructive notice is insufficient because the description was not

definite and the return of the appraisers was not filed in the judgment roll of the action, citing *Bevan v. Ellis,* 121 N. C., 225. We think the description is sufficient. *Ray v. Thornton,* 95 N. C., 575. The judgment roll in the action was not in Caldwell County, but in Alexander, and hence the appraisers' return could not be filed in the judgment roll in Caldwell. Besides, *Bevan v. Ellis, supra,* holds that registration of the homestead is not necessary except when the exemption is made on the petition of the homesteader.

Abernathey bought with notice of the docketed judgment against Hoke, and, of course, of the fact that all his land was subject to the lien of the judgment. If at the time Abernathey received his deed the lien of the judgment had expired by the lapse of ten years, then it would be admissible for him to claim that the statute of limitations had not been suspended as to the judgment because the property was not embraced in a valid allotment of the homestead. But he bought subject to the lien of the judgment and has been protected for twenty years from execution issuable thereon by virtue of such exemption. Had there been any informality as to the allotment of the homestead, it was for the plaintiff, not the defendant, to claim benefit from its invalidity.

It is true that under the act of 1905, ch. 111, now Revisal, 686, the homestead exemption ceased as to this tract of land when the homesteader conveyed it to Abernathey. But the act specifically provides that it shall not have any retroactive effect; therefore, the land did not become subject to plaintiff's execution till 1905, and the defendant has neither held the land seven years under color of title nor is the lien of the judgment barred by the ten years statute of limitations, and, indeed, the plaintiff has not pleaded either statute.

The plaintiff was entitled to have the land subjected to the payment of his debt. He might have proceeded more simply by selling under his execution.

Reversed.