DUPLIN COUNTY, O. C. BLANCHARD, J. B. COOPER, Trustee, B. G. D. PARKER, J. F. BRADSHAW, THE BANK OF DUPLIN, W. T. WALLACE, Trustee, AND N. H. CARTER, v. J. F. HARRELL, CLARA I. WELLS, Admrx., of E. G. WELLS, J. B. SHEFFIELD, WALLACE GROCERY CO., M. J. CAVENAUGH, B. B. D. PARKER, AND W. L. BYRD, Trading as BYRD & PARKER; D. B. HARRELL AND W. F. MURPHY, SR., Receiver of WALLACE GROCERY COMPANY.

(Filed 4 April, 1928.)

**1. Homestead—Transfer or Encumbrance—Effect Thereof.**

The owner of lands loses his right to a homestead therein allowed by our Constitution, Art. X, sec. 2, upon his conveying the title to the same, by deed, though he may select a homestead thereafter in other of his lands under the provisions of our statute, C. S., 729.

**2. Judgments—Mortgages—Priority—Homesteads.**

Where there is a recorded judgment, C. S., 614, thereafter the judgment debtor executes a mortgage on certain of his land, the land is foreclosed under prior mortgages antedating the judgment and the judgment debtor makes no claim to his homestead, the judgment creditor has a preference in the proceeds of the sale over the mortgage made subsequent to the judgment.

APPEAL by O. C. Blanchard from *Harris, J.,* at January Term, 1928, of DUPLIN. Affirmed.

The defendant, J. F. Harrell, owned certain lands in Duplin County and prior to the date of the judgment of G. B. D. Parker, and the deed of trust to O. C. Blanchard, executed various mortgages and deeds of trust on the said lands and had suffered several judgments to be taken against him, and this original action was in the nature of a creditor's bill to foreclose the various liens against the said J. F. Harrell, including the payment of several years of taxes due Duplin County, and in said action it was ordered that his various tracts of land be sold and the

moneys applied to the payment of the liens, according to their priority. The commissioner, N. B. Boney, under the direction of the court, paid all of the liens down to the judgment of G. B. D. Parker and paid into the clerk's office the sum of $558.76. It was admitted that the said fund was derived from the sale of the 60-acre tract of land included in the deed of trust for the benefit of O. C. Blanchard.

This is a motion in the original action made on affidavit of G. B. D. Parker, asking for an order of the court directing $558.76 to be paid to him *on his judgment against J. F. Harrell, dated 17 December, 1923,* balance due and owing on same is more than $800.00 in principal, and docketed in the office of the clerk of the Superior Court of Duplin County on the same date, this sum of money being derived from the sale of sixty-acre tract of land on which J. F. Harrell, *on 12 November, 1925, executed a deed of trust to J. B. Cooper, trustee for the benefit of O. C. Blanchard,* $1,346.15 and interest due and owing, which deed of trust was on the same day filed for registration in the office of the register of deeds of Duplin County.

J. F. Harrell is a single man, resident of the State and owns no real estate. In the action to foreclose, in which he was made a party, he made no claim to homestead.

The court below, after reciting the facts in the judgment, held as follows: "Upon the foregoing facts, the court is of the opinion that the plaintiff, O. C. Blanchard, is not entitled to hold any of the said $558.76, as the homestead of J. F. Harrell, as against said Parker's judgment, by reason of his mortgage on same as above. It is thereupon considered and adjudged that the said $558.76, now in the hands of the clerk of the Superior Court of Duplin County, be paid over to said G. B. D. Parker by said clerk to be credited in his judgment as above set forth, and that he recover of the said O. C. Blanchard his costs incurred of this motion to be taxed by the clerk." O. C. Blanchard duly excepted, assigned error and appealed to the Supreme Court.

*Beasley & Stevens for G. B. D. Parker.*
*Gavin & Boney for O. C. Blanchard.*

CLARKSON, J. The question presented for decision: Has G. B. D. Parker's judgment against J. F. Harrell, dated 17 December, 1923, priority over the deed in trust of J. F. Harrell to J. B. Cooper, trustee, for the benefit of O. C. Blanchard, dated 12 November, 1925? We think so.

In *Wilson v. Patton,* 87 N. C., p. 318, the land was sold under judgments for debts that antedated the Constitution of 1868. At p. 320, it is said: "But he (Patton) claims that he is entitled to one thousand

dollars out of the proceeds of the sale of his land in lieu of his home-stead, inasmuch as there will be one thousand dollars left after satisfying the executions on the judgments recovered upon debts which antedate the Constitution." At p. 323: "The defendant is entitled to his home-stead against all the judgments, the executions upon which were in the hands of the sheriff at the time of the sale, except those in favor of P. F. Patton, administrator; Summey, administrator, and T. J. Lenoir. How then is the fund to be applied? Our opinion is, and we so decide, that in the first instance the sheriff shall reserve one thousand dollars for the homestead, and then apply the residue to the judgments accord-ing to the priority of their docketing; but as this will exhaust the fund before reaching the judgment in favor of T. J. Lenoir, as that is privi-leged against the defendant's right of homestead, it must be paid out of the thousand dollars reserved for the homestead; and the defendant will be entitled to what remains. But as he will be entitled to hold it only during his life, the remainder will be subject to the lien of the judg-ments as if it were land. The defendant may, if he shall choose to do so, give bond and security to such person as the judge of the Superior Court of Buncombe County may designate, to secure the return of the amount upon his death, to be applied to such judgment or judgments as shall remain unsatisfied according to priority of docketing, or a reference may be ordered by the judge of the Superior Court of Buncombe County to ascertain the value of the life interest of the defendant, Patton, in the residue of the one thousand dollars, after satisfying the Lenoir judgment. But in ascertaining the value of his life interest, the home-stead should be estimated at one thousand dollars, as the defendant would have been entitled to that amount for his homestead against the judgments founded upon new notes, if the amount had not been reduced by an application of a portion thereof to the Lenoir judgment."

As before stated, J. F. Harrell made no claim to homestead. Const. of N. C., Art. X, sec. 2, is as follows: "Every homestead, and the dwellings and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town or village, with the dwelling and buildings used thereon, owned and occupied by any resident of this State, and not exceeding the value of one thousand dollars, shall be exempt from sale under execution or other final process obtained on any debt. But no property shall be exempt from sale for taxes, or for payment of obligations contracted for the purchase of said premises."

C. S., 729, is as follows: *"Conveyed homestead not exempt.* The allotted homestead is exempt from levy so long as owned and occupied by the homesteader or by any one for him, but when conveyed by him in the mode authorized by the Constitution, article ten, section eight, the

exemption ceases as to liens attaching prior to the conveyance. The homesteader who has conveyed his allotted homestead may have another allotted, and as often as is necessary. This section shall not have any retroactive effect."

C. S., 614, in part, is as follows: "Upon filing a judgment roll upon a judgment affecting the title of real property, or directing in whole or in part the payment of money, it shall be docketed on the judgment docket of the Superior Court of the county where the judgment roll was filed, and may be docketed on the judgment docket of the Superior Court of any other county upon the filing with the clerk thereof a transcript of the original docket, and is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for ten years from the date of the rendition of the judgment."

In *Chadbourn Sash, Door and Blind Co. v. Parker*, 153 N. C., p. 130, the plaintiff had a docketed judgment against the defendant. Subsequently the defendant and his wife conveyed the property. Plaintiff had an execution to issue on the judgment, thereupon the grantee, (Pae) of Parker demanded that Parker's homestead be allotted to him. At p. 133, it is said: "Even if the homestead has been allotted to Parker before he conveyed to Pae, when thereby he ceased to be 'owner and occupier,' his right to homestead in that land ceased, just as it would if he had ceased to be a 'resident of this State.' "

In *Watters v. Hedgepeth*, 172 N. C., p. 310, it is held: The laying off of a homestead under a docketed judgment suspends the statute of limitations during the continuance of the homestead, and when it has been laid off since the enactment of the statute it is taken by the homesteader subject to its provisions, and upon conveyance thereof is subject to execution under the judgment. Title to exempt property does not pass to the trustee in bankruptcy, and where the debtor's homestead has been laid off and the lien of a judgment has attached thereto more than four months before the filing of the petition in the bankrupt court, and the judgment creditor has proved his claim as unsecured and the homestead again laid off in proceedings in the bankrupt court, after the discharge of the bankrupt, the judgment creditor, under whose judgment the homestead was first laid off, may issue execution against the lands after the same has been conveyed by the homesteader.

It will be noted in both of the above cases the homesteaders had by deed voluntarily sold and conveyed his homestead. Therefore, he parted with his exemption and "the land, theretofore protected from sale, 'while

TRUST CO. *v.* NOWELL.

occupied by him, by virtue of such exemption only, became subject to sale under the lien of the plaintiff's judgment." *Watters v. Hedgepeth, supra,* p. 312.

In *Stevens v. Turlington,* 186 N. C., p. 196, it is said: "In this State, mortgages are practically the same as at common law, with the exception of the mortgagor's equity of redemption and its incidents. We adhere to the doctrine that the legal title passes to the mortgagee, subject to the equitable principle that this passage of the legal title is primarily by way of security for the debt, and that for all other purposes the mortgagor is regarded as the owner of the land. *Gorrell v. Alspaugh,* 120 N. C., 362; *Weil v. Davis,* 168 N. C., 298."

In the present action the land was foreclosed under the mortgages or deeds in trust. The mortgagor, J. F. Harrell, was made a party. He claimed no exemption in the surplus after payment of debts against which he could not claim homestead, as was done in the *Wilson case, supra* (see *Caudle v. Morris,* 160 N. C., p. 168). We think the prior docketed judgment of G. B. D. Parker had priority over the subsequent deed in trust of J. B. Cooper, trustee, for the benefit of O. C. Blanchard. The judgment of the court below is

Affirmed.