DEVIN, J., dissenting.
CONNOR, J., concurs in dissent.
This is a motion, filed 15 July, 1925, by defendant K. A. Price, in a civil action entitled "P. D. Pence v. K. A. Price, W. W. Burns, and G. R. Wootten," for allotment of his homestead from the proceeds of sale of his real estate, which was sold under judgment of foreclosure by Chas. W. Bagby, commissioner. The parties agreed to waive a jury trial, substituting therefor the judge presiding, to find the facts.
The facts found and judgment are as follows: "This cause coming on to be heard upon motion made by defendant K. A. Price, on 15 July, 1925, for the allotment of a homestead in the premises described in the complaint or in the proceeds derived from the sale thereof, and it having been agreed that the court should find the facts, the court finds the following facts:
"1. That at May Term, 1924, in the case of P. D. Pence against K. A. Price, W. W. Burns, and G. R. Wootten, which action was for foreclosure of a mortgage given by defendant Price to plaintiff upon the lands described in the pleadings, a judgment was rendered in favor of plaintiff and against defendant for $4,021.72, and interest on $3,400 from 5 May, 1924; and that by the terms of said judgment Chas. W. Bagby was appointed a commissioner to make a sale of the real estate; and it was further adjudged that `said real estate is subject to sale and hereby ordered to be sold for the satisfaction of the judgment now rendered in favor of the plaintiff, for the settlement and discharge of the W. W. Burns note and mortgage now held by G. R. Wootten for $2,500, and all unpaid interest thereon, and after these for the satisfaction of any other claims which may constitute a lien upon the property in order of their priority.'
"2. There was no appeal from said judgment; and the defendant Price had filed no answer and had made no demand prior thereto for a homestead in the lands or the proceeds to be derived from a sale thereof.
"3. That prior to the May Term, 1924, and subsequent to the execution, delivery, and registration by K. A. Price of the mortgage to W. W. Burns and of the mortgage to P. D. Pence, a judgment was duly rendered and docketed in the office of the clerk of the Superior Court of *Page 709 
Catawba County, North Carolina, in favor of H. M. Price and against K. A. Price for $7,356.20, interest and costs.
"4. That on 26 June, 1924, after due and legal advertisement, the commissioner sold at public auction the property in accordance with the terms of the judgment, when and where G. R. Wootten became the last and highest bidder at the price of $15,000.
"5. That the original papers in this cause cannot, after diligent search, be found in the office of the clerk of the Superior Court, and the same appear to have been lost or misplaced during the moving of the county offices at the time the new courthouse was constructed; and the court finds that Exhibit A, hereto attached, is a true and correct copy of the report of sale by the commissioner.
"6. That at the July Term, 1924, of Catawba Superior Court, the court, at the request of defendant K. A. Price, granted him additional time within which to secure an increased bid, with the understanding that the court, at the expiration of said time, could enter judgment of confirmation or order a resale out of term and out of the district.
"7. That thereafter, in August, 1924, his Honor, Judge W. F. Harding — the judge holding the courts of the district — approved the order of confirmation signed by the clerk of the Superior Court of Catawba County on 11 July, 1924; that said judgment of confirmation cannot be found, after diligent search, and that Exhibit B, hereto attached, excepting the date of approval, is a true and correct copy thereof. No appeal was taken by defendant Price from this judgment of confirmation, although it expressly provided that the Commissioner's deed `shall forever estop the said K. A. Price from claiming any title, interest, or equity in or to said property by reason of the fact that G. R. Wootten, the owner of the judgment and other liens against the property, became the last and highest bidder, and for any and all other reasons arising prior to the signing of this judgment: "That the commissioner is directed to receive the purchase money and to disburse the same in accordance with the terms of the prior judgment."
"8. Thereafter, the commissioner filed his report of receipts and disbursements, which was duly audited and recorded in the official records in the office of the clerk of the Superior Court of Catawba County, North Carolina; that this report, after setting forth in detail the payment of the Pence and Burns mortgages and various other items of disbursements, contains the following: `This leaves a balance of $6,873.60 uncredited. However, Mr. G. R. Wootten, the purchaser of the property, is the owner of a judgment against K. A. Price, the former owner of the property, for the sum of $7,356.20. There is also a judgment in the case of "J. T. Horney v. K. A. Price" for about $1,100, which judgment states it is a lien on the property I sold. I am *Page 710 
authorized to make proper credit on the $7,356.20 judgment, when the "J. T. Horney v. Price" case is finally settled. As both judgments are now liens upon the property, and as K. A. Price will have nothing coming to him in either event, I have not required the purchaser to pay me the $6,873.60.'
"That in the judgment of the Superior Court in `Horney v. Price,' it was set out that the judgment was effective from the time of filing of notice of lis pendens, which made it effective prior to the judgment in `H. M. Price v. K. A. Price,' and G. R. Wootten and K. A. Price appealed therefrom.
"9. In June, 1925, the case of `J. T. Horney v. K. A. Price' was decided by the Supreme Court of North Carolina, reported in 189 N.C. 820, and it was held that the Horney judgment did not constitute a special lien under the lis pendens statute.
"10. Thereafter, on 15 July, 1925, the defendant K. A. Price, in the case of `P. D. Pence v. K. A. Price, W. W. Burns, and G. R. Wootten,' made a motion in open court for the allotment of his homestead in the premises or in the proceeds derived from the sale thereof.
"11. That after the decision of the Supreme Court in the case of `J. T. Horney v. K. A. Price,' and after the making of the homestead motion on 15 July, 1925, the commissioner caused the judgment in the case of `H. M. Price v. K. A. Price' to be credited with all proceeds, excepting $1,000 of the sale remaining after the payment of costs, tax liens, and the amount due on the Pence and Burns mortgages, and also wrote on the judgment docket, in substance, the following: `A credit of $1,000 is being withheld pending disposition of motion by defendant K. A. Price for homestead.'
"12. That from the time of making the motion for homestead until about one year ago, the defendant K. A. Price made no further effort to have his homestead allotted, and that at said time he caused the action to be placed on the motion docket.
"Upon the foregoing facts, it is ordered and adjudged that the defendant K. A. Price has waived, and is estopped from claiming, his homestead rights, and that he is not entitled to a homestead in the lands or in any part of the proceeds derived from the sale thereof; and that the commissioner is authorized to enter an additional credit of $1,000, as of 25 August, 1924, upon the judgment of `H. M. Price v. K. A. Price.' It is further ordered that the costs of this action, including the recording of this judgment, be taxed against K. A. Price.
"The parties, in open court, at September Term, 1936, agreed that the decision of the court herein and its findings of fact could be made and signed out of term and out of the district as of September Term, 1936. This 30 September, 1936.
 FELIX E. ALLEY, Judge Presiding." *Page 711 
To the foregoing findings of fact and judgment, K. A. Price, movant, excepted, assigned error, and appealed to the Supreme Court.
The movant, K. A. Price, excepted and assigned error (which we cannot sustain) to certain evidence as to lost records and the controversy in the case of "Horney v. Price." We think the foundation was properly laid for the evidence as to lost records and the evidence as to the "Horney case" was relevant and material on the question of waiver. We think the only serious question on this record is: Did K. A. Price waive his right to homestead exemption? We think he did.
The homestead exemption is a favorite of the law and the right will be sustained whenever it is possible to do so, but it can be waived and released and thus made ineffective.
It was agreed that the court below might find the facts.
It is well settled that where a jury trial is waived the findings of fact, supported by evidence, by the court are as conclusive on us as if the facts were found by a jury.
In regard to homestead exemptions of movant K. A. Price, the court below found as a fact that at May Term, 1924, an action had been instituted against K. A. Price to foreclose a certain mortgage given by him. At May Term, 1924, a judgment was rendered against Price. It is found as a fact that "There is no appeal from said judgment; and the defendant Price had filed no answer and had made no demand prior thereto for a homestead in the lands or the proceeds to be derived from a sale thereof."
A judgment was duly rendered against Price confirming the sale. It is found as a fact: "No appeal was taken by defendant Price from this judgment of confirmation, although it expressly provided that the commissioner's deed `shall forever estop the said K. A. Price from claiming any title, interest, or equity in or to said property by reason of the fact that G. R. Wootten, the owner of the judgment and other liens against the property, became the last and highest bidder, and for any and all other reasons arising prior to the signing of this judgment: "That the commissioner is directed to receive the purchase money and to disburse the same in accordance with the terms of the prior judgment herein."'"
It is further found as a fact that "Thereafter, on 15 July, 1925, the defendant K. A. Price, in the case of `P. D. Pence v. K. A. Price, W. W. Burns, and G. R. Wootten,' made a motion in open court for the allotment of his homestead in the premises or in the proceeds derived from the sale thereof." *Page 712 
This was nearly a year after final confirmation. "That from the time of making the motion for homestead until about one year ago, the defendant K. A. Price made no further effort to have his homestead allotted, and that at said time he caused the action to be placed on the motion docket." This was some ten years after that K. A. Price made this motion.
In Caudle v. Morris, 160 N.C. 168 (171), is the following: "As contended by the learned counsel for plaintiffs, there is no such claim or plea of homestead set up in the answer of either Bryant Smith or Mollie Morris. It has been uniformly held by the Court that in an action to recover land, if the defendant desires to claim a homestead therein he should assert his rights by proper averment in the answer. Wilson v.Taylor, 98 N.C. 276. In the opinion the Court says: `No issue in regard to the homestead was raised by the pleadings, and there was no question in relation thereto, as appears from the record, till after the verdict. The issues are raised by the pleadings,' citing Hinson v. Adrian, 92 N.C. 121. The Court further says: `In all cases cited by counsel for the defendants, the claim to the homestead was presented by the pleadings.' This case has been cited and approved in a number of cases given in the annotation edition of our reports, and is directly in point and determinative of this appeal." Simmons v. McCullin, 163 N.C. 409; DuplinCounty v. Harrell, 195 N.C. 445; Cheek v. Walden, 195 N.C. 752; Farrisv. Hendricks, 196 N.C. 439.
It may be noted that in the action "J. T. Horney v. K. A. Price" is the following: "Counsel at the same time stated that in any further proceedings, either in this cause or any other cause affecting the property in question, the defendant K. A. Price reserves his right at all times to seek the benefit of the Constitution in law for the preservation of his homestead rights in the lands, and defendant objects to the judgment tendered to the court and signed. To this judgment the defendant excepts and appeals to the Supreme Court. Notice given in open court." This appeal was never perfected.
The judgment in the "Horney case," entered at the September Term, 1924, recites that it is to be effective from the time of filing of lis pendens
therein, 22 March, 1923, and the commissioner states that the question of Dr. Price's homestead was raised in that case. This was prior to the filing of the present motion on 15 July, 1925.
In Simmons v. McCullin, supra, at p. 414, we find: "A regular judgment against him, disposing of his homestead, would not be void, or even irregular, but at most only erroneous, and to be corrected, if wrong, by appeal. McLeod v. Graham, 132 N.C. 473; Henderson v. Moore, 125 N.C. 383." N.C. Prac. Proc. in Civil Cases (McIntosh), sec. 652, pp. 735-6. *Page 713 
Under the facts found, supported by competent evidence, we think the movant, K. A. Price, has lost his right to his homestead exemptions.
For the reasons given, the judgment of the court below is
Affirmed.