### In re Josephine Hockaday
### LOVE, Debtor.

**Bankruptcy No. S–84–00475–5.**

United States Bankruptcy Court,
E.D. North Carolina.

Sept. 20, 1984.

Leonard G. Green, Smithfield, N.C., for debtor.

### MEMORANDUM OPINION AND
### ORDER DENYING MOTION
### TO RECONSIDER ORDER

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the court on the motion of the debtor, Josephine Hockaday Love, to reconsider an order entered on June 14, 1984 avoiding the judicial lien of Rhodes Exterminating Company pursuant to 11 U.S.C. § 522(f)(1). The order of June 14, 1984 avoided the judicial lien only to the extent that the lien impairs the debtor's exemption. The debtor contends that the court should go one step further and completely cancel the lien without limitation. A hearing was held in Raleigh, North Carolina on August 20, 1984.

### FACTS

The debtor filed a voluntary chapter 7 petition on March 22, 1984. The debtor owns an undivided one-third (⅓) interest in real property used by the debtor as her residence. The debtor's interest, valued at $3,000.00, is subject to a judgment lien in the amount of $260.00 held by Rhodes Exterminating Company. The debtor has claimed her residence as exempt under

North Carolina General Statute § 1C–1601(a)(1).

On May 18, 1984 the debtor moved to avoid the judgment lien (being a "judicial lien" under 11 U.S.C. § 101(27)) pursuant to 11 U.S.C. § 522(f)(1). Notice of the motion was given to Rhodes Exterminating Company, but no response was made. On June 14, 1984 the court ordered that the judicial lien be avoided and cancelled "to the extent the lien impairs the Debtor's exemptions in this property." The debtor now seeks to have the order modified to provide that the lien be cancelled without limitation.

## DISCUSSION AND CONCLUSIONS

11 U.S.C. § 522(f)(1) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is (1) a judicial lien . . . .

Whether 11 U.S.C. § 522(f)(1) requires the complete cancellation of a judicial lien which impairs an exemption depends upon the nature and extent of the exemptions impaired.

 The debtor has claimed her ⅓ undivided interest in her residence as exempt under N.C.G.S. § 1C–1601(a)(1) which provides in pertinent part:

[e]ach individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of his creditors: [t]he debtor's aggregate interest, not to exceed seven thousand five hundred dollars ($7,500) in value in real property or personal property that the debtor or a dependent of the debtor *uses* as a residence . . . (emphasis added).

The exemption of N.C.G.S. § 1C–1601(a)(1) is conditional; property allocated to the debtor as a residence is free from the enforcement of creditors' claims only so long as the debtor or a dependent of the debtor uses the property as a residence. Once the debtor ceases to so use the exempt property as a residence, the prohibition on the creditor's enforcement of his judgment ceases. N.C.G.S. § 1C–1603(g) provides that

. . . the debtor's exemption may be modified upon a change of circumstances, by motion in the original proceeding, made by the debtor or anyone interested.

The North Carolina residential exemption is further conditioned upon continued *ownership* of the property by the debtor. N.C.G.S. § 1C–1604(a) provides

[p]roperty allocated to the debtor as exempt is free from the enforcement of the claims of creditors for indebtedness incurred before or after the exempt property is set aside . . . for so long as the debtor owns it. When the property is conveyed to another, the exemption ceases as to liens attaching prior to the conveyance . . . . When exempt property is conveyed, the debtor may have other exemptions allotted.

The residential exemption was enacted in 1983 as a part of legislation which included the "opt out" of the federal bankruptcy exemptions of 11 U.S.C. § 522(d), (N.C.G.S. § 1C–1601(f)), and an overhaul of many of North Carolina's exemptions. The concept of a conditional residential exemption, however, is by no means new to the law of North Carolina. N.C.G.S. § 1C–1601(a)(1) is entirely consistent with a long line of North Carolina cases holding that the homestead exemption in North Carolina is conditioned on continued use as a residence and continued ownership. *Stokes v. Smith*, 246 N.C. 694, 100 S.E.2d 85 (1957); *Farris v. Hendricks*, 196 N.C. 439, 146 S.E. 77 (1929); *Sash Co. v. Parker*, 153 N.C. 130, 69 S.E. 1 (1910); *Vanstory v. Thornton*, 112 N.C. 196, 17 S.E. 566 (1893); cf. *Seeman Printery Inc. v. Schinham*, 34 N.C.App. 637, 239 S.E.2d 744 (1977).

 The court agrees with the debtor that 11 U.S.C. § 522(f) was designed to protect the debtor's "fresh start" and that exemption laws in North Carolina should be liberally construed. *Hyman v. Stern*, 43 F.2d 666 (4th Cir.1930). Nevertheless,

in determining the scope of a state created exemption, the bankruptcy court must look to state law. *In re McManus*, 681 F.2d 353 (5th Cir.1982); *In re Reed*, 700 F.2d 986 (5th Cir.1983); *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981); 3 *Collier on Bankruptcy*, (15th ed.) § 522.23 (1984).

North Carolina law clearly provides for a residential exemption which is conditioned upon continued use as a residence and continued ownership. If the exempt residence ceases to be used as a residence or ceases to be owned by the debtor (or a dependent) the property is no longer exempt. In that event, a judgment creditor can enforce the judgment lien. If the judgment lien is unconditionally cancelled, as the debtor requests, however, the judgment creditor would lose the right to pursue the property in the future should the use or ownership of the property change. Consequently, the judgment lien of Rhodes Exterminating Company should not be cancelled, but should be avoided only to the extent that the exemption is impaired as provided by 11 U.S.C. § 522(f)(1) and in the order of June 14, 1984. Accordingly,

IT IS HEREBY ORDERED that the debtor's Motion to Reconsider Order is DENIED.