**In re Josephine Hockaday LOVE, Appellant-Debtor.**

**No. 84–1264–Civ–5.**

United States District Court, E.D. North Carolina, Raleigh Division.

Oct. 28, 1985.

Leonard G. Green, Smithfield, N.C., for appellant-debtor.

J. Larkin Pahl, Smith, Debnam, Hibbert & Pahl, Raleigh, N.C., for intervenor.

## ORDER ON APPEAL

TERRENCE WILLIAM BOYLE, District Judge.

Appellant-Debtor Josephine Hockaday Love appeals an order of the bankruptcy court avoiding a judicial lien on property covered by North Carolina's homestead exemption while simultaneously refusing to cancel that lien on the Judgment Docket of the North Carolina Superior Court. Love claims that 11 U.S.C. § 522, when read in its entirety, mandates that any judicial lien on property exempt under North Carolina's Homestead Exemption be cancelled as well as merely avoided. For the reasons given hereafter, the bankruptcy judge's order is affirmed.

The Bankruptcy Reform Act of 1978 contains a detailed list of various property which may be exempted from a creditor's claims. *See* 11 U.S.C.A. § 522 (West Supp. 1985). However, a state may opt not to allow its residents to claim the federal exemption set forth in 11 U.S.C. § 522(d). *See* 11 U.S.C.A. § 522(b)(2)(A) (West Supp. 1985); *Granger v. Watson*, 754 F.2d 1490 (9th Cir.1985). *See also Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981). A number of states have "opted out" of the federal exemption scheme. North Carolina is one such state. *See* N.C.Gen.Stat. § 1C–1601(f) (1983). States are allowed considerable freedom in creating or limiting exemptions for their residents. *See, e.g., Granger*, 754 F.2d at 490; *In re Sullivan*, 680 F.2d 1131 (7th Cir.1982). Thus, the homestead exemption available to debtor Love is that exemption defined in N.C. Gen.Stat. § 1C–1601(a)(1) (1985). That statute provides in pertinent part:

(a) Exempt Property.—Each individual, resident of this state, who is a debtor is entitled to retain free of the enforcement of the claims of his creditors:

(1) The debtor's aggregate interest, not to exceed seven thousand five hundred ($7,500) in value, in real property or personal property that the debtor or dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or dependent of the debtor uses as a residence....

*Id.*

North Carolina statutory law also provides that a debtor's exemption may be modified on a change of circumstances, including a substantial change in value. *See* N.C.Gen.Stat. § 1C–1603(g) (1983). Moreover, property formerly allocated to the debtor as exempt from creditors' claims will be subjected to liens should that property be conveyed to another. N.C.Gen. Stat. § 1C–1604(a) (1983). The exemption ceases as to liens attaching prior to the conveyance. *Id.*

The bankruptcy court interpreted these statutes as allowing Love to avoid a judicial lien held by Rhodes Exterminating Company [hereinafter "Rhodes"] in that the creditor's lien was against property exempted under North Carolina's homestead exemption.[1] However, the bankruptcy court refused to cancel the judicial lien held by Rhodes. The bankruptcy court concluded that the judicial lien was to be avoided only to the extent that the lien impaired the homestead exemption to which Love was entitled. The court determined that Love would not be entitled to a homestead exemption if she discontinued using the property as a residence or conveyed ownership to another party.

Love appeals the bankruptcy court's conclusion that she was entitled only to a conditional homestead exemption which precluded a cancellation of the judicial lien held by Rhodes. She contends that such an interpretation is in conflict with the ultimate objective of bankruptcy relief, i.e., to release the debtor from the effects of existing debts and liens so as to provide him with a "fresh start." Love further argues that North Carolina's homestead exemption serves a dual purpose in it is applicable not only in bankruptcy but also in exempting property from state court civil judgments. She contends that the conditions placed on the homestead exemption, i.e., that the debtor retain ownership and continually use the exempted residence, are applicable to cases involving civil judgments only. According to this theory, such conditions should not be placed on a debtor's use of the home exemption in bankruptcy proceedings.

■ The bankruptcy court properly rejected Love's argument. This court recognizes that a state may not create an exemption which conflicts with federal bankruptcy law. *Cheeseman*, 656 F.2d at 64. However, the exemption prescribed by North Carolina is identical in wording to that found in the federal bankruptcy statute.

Thus, *Cheeseman* is readily distinguishable from the case at bar. Furthermore, states are given considerable freedom in limiting exemptions for their residents. Congress has explicitly directed that a state can choose to declare § 522(d)'s exemptions inapplicable to its citizens. *See* 11 U.S.C.A. § 522(b)(1) (West Supp.1985). To preempt North Carolina's homestead exemption given § 522's "optout" provision would require this court to ignore the explicit statutory language of that provision. *See Sullivan*, 680 F.2d at 1136.

North Carolina law clearly requires an individual to retain both ownership and use of a residence if that person is to retain a homestead exemption. *See Stokes v. Smith*, 246 N.C. 694, 100 S.E.2d 85 (1957); *Farris v. Hendricks*, 146 S.E. 77, 196 N.C. 439 (1929). North Carolina's courts have failed to draw a distinction between bankruptcy debtors and civil judgment debtors when interpreting the statutory provision creating the homestead exemption.

■ Given the state's broad discretion in formulating exemptions regarding its citizen-debtors' properties, the conditional nature of North Carolina's homestead exemption must be honored by this court. Other federal courts have recognized similar homestead exemptions as being valid and in compliance with federal bankruptcy laws. *See, e.g., In re Bouchard*, 11 B.R. 869 (Bankr.Cal.1981) (in which the debtor's "fresh start" argument was likewise rejected). Moreover, Congress' constitutional obligation to create "uniform" bankruptcy laws does not require that body to create laws uniformly applicable to the citizens of every state. Rather, the Constitution's Bankruptcy Clause requires only geographical uniformity. *See Hanover National Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902); *Sullivan*, 680 F.2d at 1134–35.

The bankruptcy judge correctly refused to cancel Rhodes Exterminating Company's judicial lien against Love's exempted prop-

---

**1.** Rhodes held a judicial lien in the amount of $260.00 against Love's undivided one-third interest in real property used by her as a resi-

dence. This interest was valued at $3,000, well within the $7,500 limit prescribed in North Carolina's homestead exemption.

erty. For the reasons given in the bankruptcy judge's order of September 20, 1984, 42 B.R. 317, and those reasons recited above, the bankruptcy court's order of June 14, 1984 is AFFIRMED.