**BARRETT v. BARRETT**

[122 N.C. App. 184 (1996)]

LOUISE COMBS BARRETT, Plaintiff v. JAMES B. BARRETT, JR., Defendant

No. COA95-557

(Filed 2 April 1006)

**Execution and Enforcement of Judgments § 31 (NCI4th)— posting of cash bond—forfeiture—no avoidance by claiming debtor's exemptions**

A party should not be permitted to post a cash bond to stay execution of a money judgment and then avoid forfeiture of the bond after default by claiming debtor's exemptions. N.C.G.S. §§ 1C-160(a)(1), (c).

**Am Jur 2d, Exemptions §§ 276, 277.**

Appeal by defendant from order entered 27 March 1995 by Judge Alexander Lyerly in Watauga County District Court. Heard in the Court of Appeals 22 February 1996.

*Kilby, Hodges & Hurley, by John T. Kilby, for plaintiff-appellee.*

*Paletta & Hedrick, by David R. Paletta, for defendant-appellant.*

WALKER, Judge.

Plaintiff and defendant were married on 24 March 1961 and on 20 September 1988 they entered into a "Separation and Property Settlement Agreement" (Agreement) which in part provided:

9.

The parties agree that [plaintiff] shall continue to receive medical benefits through the U.S. Army for as long as she is eligible to receive said medical benefits. The parties also agree that the Survivor's Benefit Plan through the U.S. Army shall remain in effect.

10.

The parties agree that [plaintiff] shall receive [defendant's] retirement check from the U.S. Army, in the approximate amount of $545.55 per month, for [plaintiff] to use as she desires. Simultaneously with the signing of this agreement, [defendant] agrees to sign a limited Power of Attorney, giving [plaintiff] the authority to sign said retirement check and cash said check.

The parties agree that [defendant's] disability check in the approximate amount of $133.00 per month shall be the sole and separate property of [defendant].

In November 1992, plaintiff brought suit against the defendant for breach of the Agreement. Specifically, plaintiff alleged that defendant failed to pay her the full amount of the retirement check and failed to maintain plaintiff as a beneficiary on defendant's Survivor's Benefit Plan. After the suit was filed, defendant ceased paying spousal support. Following a hearing on 27 September 1993, the trial court awarded plaintiff a money judgment for support arrearages in the amount of $4,909.95.

Defendant appealed and requested the trial court to set a bond and enter an order to stay the execution of the judgment. On 20 January 1994, the trial court granted defendant's motion to stay execution and directed defendant to make a security deposit in the amount of $7,000. On 7 February, the defendant elected to deposit a $7,000 cash bond in lieu of a surety bond.

This Court affirmed the judgment in an opinion filed on 20 December 1994. With the exception of the $7,000 deposited by the defendant to stay execution, he made no payment in satisfaction of the judgment. Both plaintiff and defendant then filed motions requesting disbursement of the cash bond. By order filed 27 March 1995, the trial court directed that the $7,000 cash bond be disbursed to the plaintiff "first to payment of the original Judgment in the amount of $4,909.94 under date of November 1, 1993, plus accrued interest; any balance not so applied shall then be disbursed in partial satisfaction of the Money Judgment entered under date of this Order [in the amount of $8,728.80]." From October 1993 until January 1995, additional arrearages in the amount of $8,728.80 had accumulated.

On appeal, defendant contends that the trial court erred in awarding the cash bond to plaintiff because the bond was exempt from defendant's creditors pursuant to N.C. Gen. Stat. § 1C-1601 (1995), N.C. Gen. Stat. § 97-21 (1995), 10 U.S.C. § 1408 (1982) and 42 U.S.C. § 407 (1983). Defendant first argues that a cash bond is different from a surety bond and as such, he retained a property interest in such funds. We disagree.

N.C. Gen. Stat. § 1-289 (1983) provides that in lieu of an approved surety, a party may deposit money in the amount of the bond.

## BARRETT v. BARRETT

[122 N.C. App. 184 (1996)]

Likewise, N.C. Gen. Stat. § 58-75-1 (1994) also provides that in lieu of any written undertaking or bond, a party may make a deposit in cash subject to all of the same conditions and requirements as are provided for in written undertakings or bonds. It is clear from the language of these provisions that cash bonds are subject to the same conditions and requirements as surety bonds.

Defendant contends that he retained exemptions in the cash bond because the majority of his income since January 1993 came from the following exempt sources: military retirement benefits, military disability benefits, workers' compensation benefits, and social security disability benefits. However, defendant failed to identify the actual source of the $7,000 deposited. Assuming *arguendo* that defendant could trace the $7,000 bond to exempt sources of income, we are not prepared to conclude that once defendant used these funds to post the bond they retained their exempt character.

Defendant also argues that any remaining income he received from non-exempt sources is protected by N.C. Gen. Stat. § 1C-1601. Again, assuming that these exemptions apply, defendant has waived any right to such exemptions. N.C. Gen. Stat. § 1C-1601(c) (1995) provides that the exemptions in this Article and in Sections 1 and 2 of Article X of the North Carolina Constitution, may be waived by: (1) transfer of exempt property, (2) a written waiver, or (3) failure to assert exemptions after service of notice to do so. For example, the law clearly provides that if an exempt residence ceases to be owned by the debtor, the property is no longer exempt under N.C. Gen. Stat. § 1C-1601(a)(1). *In re Love*, 42 B.R. 317 (Bankr. E.D.N.C. 1984). Accordingly, we find that defendant waived any exemption to which he otherwise may have been entitled when he elected to deposit these funds in lieu of a surety bond to stay the execution of the judgment.

The primary purpose of a bond is to provide a source of funds to be applied to the satisfaction of a valid judgment. As a matter of policy, a party should not be permitted to post a cash bond to stay execution of a money judgment, and then, avoid forfeiture of the bond after default by claiming debtor's exemptions. Accordingly, we affirm the order directing disbursement of the cash bond to the plaintiff.

Affirmed.

Judges EAGLES and JOHN concur.